## Gilmore & Duffy *v.* Margaret Dunleavy, Appellant.

*Appeals—Certiorari—Review of order striking off judgment.*

There is no statutory appeal from an order of the common pleas striking from the record an entry of satisfaction of a judgment. The effect of an appeal therefore is equivalent to a common law writ of certiorari which brings up the record only; the errors to be corrected must appear upon the face of the record, the merits cannot be inquired into; they are left to the judgment of the court below. Neither the evidence nor the opinion of the court forms any part of the record proper, and for that reason cannot be examined into.

Argued Jan. 13, 1898. Appeal, No. 18, Jan. T., 1898, by defendant, from order of C. P. Lackawanna Co., Nov. T., 1896, No. 653, making absolute rule to strike off satisfaction of judgment. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Rule to strike off satisfaction of judgment. Before ED-WARDS, J.

It appears from the record that judgment was entered on May 18, 1897, for want of a sufficient affidavit of defense for $814.80 and interest. On June 2, 1897, the following entry was made on the record: "Satisfied in full, debt, interest and costs. Gilmore & Duffy, per A. F. Duffy." On June 2, 1897, a rule was granted on defendant to show cause why satisfaction should not be struck off, which rule was made absolute and the satisfaction entered in the case struck off. Defendant appealed.

*Error assigned* was striking off the satisfaction of the judgment entered in this case.

*M. E. McDonald,* with him *J. C. Vaughan,* for appellant.

*James H. Torrey,* for appellee.

OPINION BY BEAVER, J., February 19, 1898:

" The power to entertain and decide upon motions for summary relief is a necessary incident of jurisdiction. If an entry

of satisfaction be made upon the record by mistake, by fraud or by falsely personating the plaintiff, the court where the record is has an undoubted right, upon proof of the facts, on notice to the parties, to strike off such improper entry, and its decision upon such facts is the decision of a matter of fact which is not the subject of review on writ of error:" Murphy v. Flood, 2 Gr. Pa. Ca. 411.

" Undoubtedly the court of common pleas has power to inquire into the entry of satisfaction upon its record and, if the facts show that it was improperly done or without authority, to order the entry to be vacated. This is but the exercise of a power necessary to prevent injustice. The presumption is, the court exercised the power rightfully and on good cause shown. The facts are not before us and, therefore, cannot be reviewed : " McKinney v. Fritz, 2 W. N. C. 173.

There is no statutory right of appeal from an order of the court of common pleas, striking from the record an entry of satisfaction of a judgment. The only effect of the present appeal, therefore, is that of the common law writ of certiorari. This writ, as is well known, brings up the record in any given case for review and correction, but it brings the record only: Holland v. White, 120 Pa. 228; Rand v. King, 134 Pa. 641. The errors to be corrected must appear on the face of the record, and the merits cannot be inquired into upon this writ, but are left to the judgment of the court below. Neither the opinion of the court nor the evidence forms any part of the record proper, and, for that reason, they will not be examined on certiorari: Rand v. King, supra.

In the case under consideration the court below had jurisdiction. The record shows that a rule was granted on defendant to show cause why satisfaction should not be stricken off. Answers were filed, and, on the 16th of August, 1897, the entry is made, " Rule absolute, and the satisfaction entered in this case stricken off." The opinion of the court and the testimony upon which the decree was founded are not before us. We are confined in our inquiry simply to the regularity of the proceedings, as shown by the record. They appear to be regular. If we were to travel beyond the record, it would seem as if the court had acted upon grounds which justified its action.

Appeal dismissed at the costs of the appellants.