Opinion by
Orlady, J.,
On March 28, 1895, the defendant executed and delivered to.the plaintiff a judgment bond for $1,000, which was on the same day entered in judgment in the court of common pleas, with- its lien postponed to another judgment against the same defendant for $1,500. No scire facias to revive this lien was ever issued thereon, and on November 5/ 1904 the' plaintiff signed-a power of- attorney authorizing the prothonotary to enter satisfaction upon it; in pursuance of which the judgment was marked satisfied on November 7, 1904. On December 15, 1906, the plaintiff presented his petition for a rule to show cause why the entry of satisfaction should not be stricken off and vacated. To this rule an answer was made by the defendant, and after a full hearing on the petition, answer and depositions the rule was discharged. The appellant urges a number of propositions that cannot be considered in the light of the real question involved. This is an appeal from the order of court refusing to strike off the satisfaction of a judgment.- In legal effect, therefore, it amounts to nothing more than a common writ of certiorari. ’ Rand v. King, 134 Pa. 641. It is, therefore, to be disposed of as such: Shoup v. Shoup, 205 Pa. 22; Gilmore and Gilmore & Duffy v. Dunleavy, 6 Pa. Superior Ct. *440 603; McKinney v. Fritz, 2 W. N. C. 173. If the plaintiff was induced to enter satisfaction of the judgment upon the record either- by fraud or by mistake the court undoubtedly had the right, upon proof of the facts, and on notice to the parties, to strike off such improper entry. This question was addressed to the discretion of the court, and we are in full accord with the conclusion reached.
The assignment of error is overruled, and the judgment is affirmed.