# Sloss-Sheffield Steel & Iron Company, Appellant, *v.* Tacony Iron Company.

*Practice, C. P.—Affidavit of defense—Information and belief—Expectation of ability to prove.*

1. An affidavit of defense made on information and belief without an averment of defendants' expectation to be able to prove the facts therein stated on the trial, will not be considered.

2. An appeal taken under the Act of April 18, 1874, P. L. 64, from an order discharging a rule for judgment for want of a sufficient affidavit of defense, should not be taken except to correct clear error of law on the part of the court below.

*Contract—Sales—Delivery f. o. b.*

3. Where a contract of sale is for the delivery of the goods f. o. b. at the purchaser's place of residence, and no time is fixed for the delivery, it is the duty of the seller to make the delivery at the destination within a reasonable time, and if in an action for the price of the goods the defendant avers in his affidavit of defense that there was a delay of eight months in making the delivery the court commits no error in discharging a rule for judgment for want of a sufficient affidavit of defense.

*Affidavit of defense—Practice, C. P.—Information and belief—Expectation of ability to prove.*

4. Where all the averments in an affidavit of defense are made positively as if on the deponent's own knowledge, it is not necessary to aver an expectation of ability to prove at the trial, although the affidavit concludes as follows: "All of which statement deponent avers to be just and true to the best of his knowledge and belief."

*Evidence—Parol evidence—Contract—Delivery.*

5. In an action to recover the price of goods sold and delivered, the defendant may show a contemporaneous parol agreement that the goods were to be delivered within three weeks from the date of the con-

tract, that this parol contract was left out of the written one by mistake, and that it was the inducing cause of the defendant entering into the written contract.

Argued Dec. 21, 1910.   Appeal, No. 204, Oct. T., 1910, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1910, No. 280, discharging rule for judgment for want of a sufficient affidavit of defense in case of Sloss-Sheffield Steel & Iron Co. v. Tacony Iron Co.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*C. W. Van Artsdalen,* with him *W. Howard Ramsay,* for appellant.—All oral agreements are merged in a written contract, except when the execution of the written contract is procured through fraud, accident, or mistake: Krueger v. Nicola, 205 Pa. 38; Schofield v. Hayes, 17 Pa. Superior Ct. 110; Myers v. Kipp, 20 Pa. Superior Ct. 311.

In the absence of an agreement to the contrary, where a vendor sells goods to a vendee residing at a distance, a delivery of the goods to a carrier for transportation is a delivery to the purchaser: Sneathen v. Grubbs, 88 Pa. 147; Rochester & Oleopolis Oil Co. v. Hughey, 56 Pa. 322; Bacharach v. Chester Freight Line, 133 Pa. 414; Hayes v. Kelly, 2 W. N. C. 228; Phila. & Reading R. R. Co. v. Wireman, 88 Pa. 264; Schmertz v. Dwyer, 53 Pa. 335.

Where the duty of the seller is to send the goods to the buyer the general rule is that delivery to a common carrier is equivalent to a delivery to the buyer himself.   The carrier is deemed the agent of the buyer and not the agent of the seller: Garbracht v. Com., 96 Pa. 449; Rickey v.

Tutelman, 19 Pa. Superior Ct. 403; United Fruit Co. v. Bisese, 25 Pa. Superior Ct. 170; Cohn v. Levinson, 35 Pa. Superior Ct. 382; Mull v. Railroad Co., 38 Pa. Superior Ct. 416; Cake v. Stidfole, 1 Walker (Pa.), 95; Winsor v. Bank, 81* Pa. 304; Weld v. Barker, 153 Pa. 465; Jackson v. Farrell, 6 Pa. Superior Ct. 31; Tilli v. Vandegrift, 18 Pa. Superior Ct. 485; Louchheim v. Maguire, 186 Pa. 311.

*Theodore J. Grayson,* with him *M. Vernon Coates, William E. Stokes, Albert B. Weimer* and *Frederick M. Leonard,* for appellee.—An affidavit of defense setting up with a proper degree of particularity that the defendant executed an agreement on the faith of a contemporaneous parol agreement on the part of the defendant, without which he would not have signed the agreement, is sufficient, although it may vary, reform or contradict the written instrument: Robinson v. Leahy, 5 W. N. C. 318; Wheatley v. Niedich, 24 Pa. Superior Ct. 198; Schwerdefger v. Columbia Gesang Verein, 26 Pa. Superior Ct. 515; Locher v. Jones, 14 Pa. D. R. 781.

The agreement to deliver f. o. b. at Tacony means that the goods are to be delivered at Tacony and also within a reasonable time, and that title to such goods does not pass unless the goods are so delivered, and as a result, that any loss arising from the destruction, injury or delay of the goods must be borne by the seller: Dannemiller v. Kirkpatrick, 201 Pa. 218; American Bridge Co. v. Steel Foundry Co., 28 Pa. Superior Ct. 479; Boyd v. Peanut Co., 25 Pa. Superior Ct. 199; Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184.

That goods must be delivered at the place specified to be delivered, which in this case was forwarded on board the cars at Tacony, Philadelphia, within a reasonable time where no time is specified for in the contract, is settled by a long line of decisions. McHenry v. Bulifant, 207 Pa. 15; Standard Interlock Elevator Co. v. Wilson, 218 Pa. 280.

OPINION BY MORRISON, J., March 3, 1911:

In this action of assumpsit the plaintiff sued to recover the price of thirty-nine tons of pig iron alleged to have been sold and delivered to the defendant on April 30, 1907. It is conceded that the declaration shows a prima facie cause of action.

The defendant filed four affidavits of defense, the last one after the court had discharged the plaintiff's rule for judgment. The third one clearly appears to have been made on information and belief without an averment of defendant's expectation to be able to prove the facts therein stated, on the trial. Therefore, we do not consider these two affidavits. But in our opinion the affidavit of defense and the first supplemental affidavit are quite sufficient to warrant the court in discharging the rule.

This appeal is under the Act of April 18, 1874, P. L. 64, and the Supreme Court in a long line of decisions has uniformly discouraged taking appeals in such cases, except to correct clear errors of law on the part of the court below. In Radcliffe v. Herbst, 135 Pa. 568, the Supreme Court (p. 574) quoted the language in Griffith v. Sitgreaves, 81* 378, and then proceeded to say: "The practice is growing to bring up cases upon the refusal of the court to enter judgment; nor, are such writs, as a general practice, confined to plain errors of law, as they should be. The instances are rare where any benefit results therefrom; frequently, the cases could have been tried below in less time than it requires to bring them here upon appeal. The practical effect of such a mode of practice is delay, instead of speeding causes, and to add materially to the expenses of the litigants."

The iron was sold on a written contract, dated Philadelphia, April 16, 1907, "Contract covering sale of pig iron made through J. K. Dimmick & Co., sales agent for Sloss-Sheffield Steel & Iron Company, Birmingham, Ala., to Tacony Iron Company, Tacony, Philadelphia, Pa." The contract contained the following: "Grey Forge 'Sloss' $22.80 per ton of 2240 lbs. delivered at f. o. b. Tacony,

Phila., Pa. . . . Shipment during April and May." We understand it to be conceded that this means April and May, 1907.

The appellant's counsel contends that the iron sued for was shipped in Alabama on April 30, 1907, and he contends that said shipment constituted a delivery to the defendant, and that the defendant is liable notwithstanding the conceded fact that the iron did not reach Tacony until after December 24, 1907. On the other hand, the appellee's counsel contends earnestly that the language above quoted means a delivery to the defendant f. o. b. at Tacony, Philadelphia, and that on account of the long delay in making the delivery at Philadelphia the defendant was relieved from receiving the iron and paying for it. In our opinion Dannemiller v. Kirkpatrick, 201 Pa. 218, fully sustains the court below in refusing judgment for the plaintiff on the question of delivery alone. In that case the contract was, "The said Dannemiller & Company do hereby agree to bill 'Cordova' coffee at the same price f. o. b. Pittsburgh as Arbuckles & Company or Woolson Spice Company, with the same terms of rebate and cash discount." Upon the construction of this clause the judge below decided that the contract required the plaintiffs to deliver the coffee to the defendants at Pittsburg. A car load of coffee was lost and it became important to determine, under the contract, whether the delivery was at Pittsburg or to the carrier, so as to determine when the title passed from the plaintiffs. The Supreme Court said: "It is apparent, however, that this language of itself does not sustain the interpretation given it. . . . It was also some evidence, though not conclusive that the coffee was to be delivered to the purchaser at Pittsburgh. . . . The question of delivery of the coffee was under the facts disclosed on the trial, one of fact for the jury."

In the present case, if we consider the question of where the iron was to be delivered so as to pass title from the plaintiff, one of fact, then the court below was right in re-

fusing to enter judgment and in sending the case to a jury.

If the iron was to have been delivered at Philadelphia and no time was fixed in the contract for such delivery, manifestly a duty rested on the plaintiff to make the delivery within a reasonable time, and it not being done for about eight months it was either for the court to say, as a matter of law, that the delivery was not made in a reasonable time, or that question was for a jury. Let the plaintiff take either horn of this dilemma, the court was right in refusing judgment for want of a sufficient affidavit of defense.

But supplemental affidavit No. 1 squarely avers a contemporaneous parol agreement that the iron was to be delivered within three weeks from the date of the contract, and that this parol contract was the inducing cause of the defendant entering into the written one, and that the parol provision was left out of the written contract by mistake. Appellant's learned counsel almost concedes that if this supplemental affidavit of defense is to have weight the case is for a jury. However, he undertakes to dispose of it by arguing that it is made on information and belief without an averment of an expectation of ability to prove the same at the trial. We do not find a single averment of fact in said supplemental affidavit stated as made on information and belief. On the contrary, each and all of them are made positively as if on the deponent's own knowledge. The counsel evidently bases his argument on the closing paragraph of the affidavit, to wit: "All of which statements deponent avers to be just and true to the best of his knowledge, information and belief." Human beings get knowledge and information by seeing and hearing, and there is nothing in this affidavit to warrant an inference that deponent did not see the parties and hear them make the parol agreement that he sets up in the affidavit. We do not feel warranted in construing this language to mean that the affidavit was made on information and belief.

There is a mild attempt made to convince us that the averment of the terms of the parol agreement, as to the delivery of the iron within three weeks, is a legal conclusion of the deponent and not a statement of what was said. We do not agree with this contention. The affidavit contains the following: "the pig iron now sued for was to be delivered by the plaintiff to the defendant within three weeks at the outside." We do not construe the above as a legal conclusion but it is a statement of fact.

It hardly seems necessary to cite authorities that this alleged parol agreement must be considered with the written contract in determining the rights of the parties, if the defendant can support it by sufficient evidence at the trial.

In Thomas & Sons v. Loose, 114 Pa. 35, the late Justice TRUNKEY, speaking for the Supreme Court, said: "Parol evidence is admissible to establish a contemporaneous oral agreement, which induced the execution of a written contract, though it may vary, change or reform the instrument." See Wheatley v. Niedich, 24 Pa. Superior Ct. 198; Gandy v. Weckerly, 220 Pa. 285.

It is contended that the plaintiff is a foreign corporation, engaged in business in Philadelphia by its agents, Dimmick & Co., and that it has not complied with the Act of April 22, 1874, P. L. 108, and therefore cannot maintain this suit. Counsel for appellee cites a large number of cases upon this question. When the facts are all in evidence this may be an important and close question and we do not think it such a clear one, on the present facts, that it ought now to be decided. We do not propose to now decide it and we only remark that it is not so clear of doubt that it ought to be decided in an appeal of the present character. This very question may have had weight in leading the court below to refuse judgment.

We are all of the opinion that the court below did not err in holding that the case ought to be tried before a court and jury. The order is affirmed, without prejudice, etc., and the appeal dismissed at the costs of appellant.