## Diehl Manufacturing Company, Appellant, *v.* Philadelphia Electric Company.

*Contract—Sale—Written instrument—Parol evidence.*

1. Where at the execution of a writing, a stipulation has been entered into, a condition annexed, or a promise made by word of mouth upon the faith of which the writing has been executed, parol evidence is admissible though it may vary and materially change the terms of the contract.

2. In an action to recover for goods sold and delivered on an order in writing, although it appears that the order provided that "this contract to be binding must be signed by the purchaser and countersigned by an authorized representative of the seller," and the order was thus signed, the defendant may show that at the time of the execution of the order he refused to sign it unless the plaintiff allowed a certain rebate, that plaintiff's manager who had full power to bind the plaintiff agreed to such allowance in order to secure the contract, and that the defendant would not otherwise have signed the contract.

*Appeals—Affidavit of defense—Discharge of rule.*

3. An appeal taken from an order discharging a rule for judgment for want of a sufficient affidavit of defense, should not be taken except to correct clear error of law on the part of the court below. Where such an appeal is dismissed the appellate court will not attempt to prejudge the precise question that may thereafter be presented on another appeal after final judgment following a trial.

Submitted Oct. 20, 1911. Appeal, No. 201, Oct. T., 1911, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1910, No. 1,558, discharging rule for judgment for want of a sufficient affidavit of defense in case of Diehl

Manufacturing Company v. The Philadelphia Electric Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Joseph Hill Brinton,* for appellant.—Pennsylvania is already anomalous in its latitude in permitting verbal testimony to modify a written contract. See 4 Wig. on Ev., sec. 2431. The general rule elsewhere is that verbal testimony may not be introduced to vary the terms of a written contract, but in Pennsylvania fraud is the test. Since, however, fraud is the criterion, the introduction of verbal testimony would not be permitted to effect a fraudulent purpose, and the logic of the rule would operate quite as strongly against the admission of such testimony in that case as it would in admitting it to prevent fraud. Where, therefore, one party has created a formal memorial containing a notice that he would not be bound by any modification thereof unless incorporated therein and approved, how can the other party to the contract be heard to complain that he accepted it upon the inducing promise of an agent that he would verbally modify it? Such reasoning shocks one's sense of honor, and holds out an alluring hope to the dishonest: Russell v. Glass Works, 6 Pa. Superior Ct. 118; Eberle v. Bonafon, 17 W. N. C. 335; Wodock v. Robinson, 148 Pa. 503; Smith v. Water Power & Supply Co., 221 Pa. 165; Express Pub. Co. v. Aldine Press, 126 Pa. 347; Melcher v. Hill, 194 Pa. 440.

*Geo. Irving Merrill* and *Arthur B. Huey,* for appellee.— It is submitted, therefore, that by the averments of the affidavit the case at bar is brought clearly within the rule as laid down in Gandy v. Weckerly, 220 Pa. 285.

Among the more recent cases in which this has been

distinctly declared are: Keough v. Leslie, 92 Pa. 424; Martin v. Kline, 157 Pa. 473; Martin v. Fridenberg, 169 Pa. 447; Clinch Valley Coal & Iron Co. v. Willing, 180 Pa. 165; Faux v. Fitler, 223 Pa. 568; McSorley v. Allen, 36 Pa. Superior Ct. 271; Land-Wharton Co. v. Hughes, 37 Pa. Superior Ct. 602; Ramsden v. Simplex Foundation Co., 39 Pa. Superior Ct. 587; Zeller v. Haupt, 41 Pa. Superior Ct. 647; El Dorado Jewelry Co. v. Hopkins, 34 Pa. Superior Ct. 446; Thomas v. Loose, 114 Pa. 35.

OPINION BY HEAD, J., March 1, 1912:

In Sloss-Sheffield Steel & Iron Co. v. Iron Co., 46 Pa. Superior Ct. 164, our Brother MORRISON pointed out the attitude of our appellate courts towards an appeal taken by a plaintiff, under the Act of April 18, 1874, P. L. 64, from an order or decree discharging a rule for judgment for want of a sufficient affidavit of defense. Where in such cases the appeal is dismissed, it ought not to be expected that the court would attempt to anticipate or prejudge the precise questions that might thereafter be presented by the record in case of another appeal after final judgment following a trial. We shall therefore indicate in the briefest possible way the reasons for the conclusion reached.

The plaintiff, a New Jersey corporation, sues to recover the price of certain goods sold and delivered to the defendant, a Pennsylvania corporation doing business in the city of Philadelphia. The affidavit of defense practically admits the receipt of the goods and its primary obligation to pay for them at the prices charged. It advances, however, a counterclaim or set-off against the plaintiff amounting to something more than the sum sued for. In setting forth the nature of this claim and the manner in which it arose, it was stated that in the year preceding the one in which occurred the transaction in suit, to wit, in 1909, the parties had entered into contracts for the purchase and sale of articles similar to those embraced in the transaction in suit, to wit, fan motors operated by direct current and alternating current. It is averred that at the time such

contracts were made, one W. Irwin Cheyney was "the resident manager of the plaintiff company in charge of its business in the city of Philadelphia, with authority to solicit and accept orders and make contracts on its behalf for the sale of its goods." It further appears from the affidavit that whilst attempting to secure from the defendant a contract of the character indicated, the plaintiff's manager had with him written contracts fully executed by the plaintiff company and requiring only, in order to make them complete executed contracts, a written acceptance thereof by the defendant. It is averred that the latter, through its proper officer, refused to enter into said contracts unless provision were made for the allowance of a certain rebate or commission on the fans, to be regulated on the basis of the prices charged in the proposed contract. It is averred that the plaintiff's manager, in order to secure the acceptance by the defendant of the contracts as they were executed, promised and agreed for the plaintiff that it would "allow and pay unto defendant company a rebate of ten per cent. upon the purchase of all fans both D. C. (direct current) and A. C. (alternating current), which prior to that time (end of the season of 1909) should have been purchased by defendant from plaintiff under the said two contracts if the same should be executed." It is averred that plaintiff's manager was requested to put that stipulation in writing but declared that it was unnecessary to do so as his word was good for it. He was thereupon informed that on the strength of that promise the defendant would accept the contracts, and it is finally averred that, induced solely by that promise, the contracts were accepted, and that without such promise the defendant would have continued to refuse their acceptance. The affidavit then proceeds to declare the number of fans which it had purchased under the said contracts and paid for at the prices therein stated and the amount of the rebate or commission which it would have been entitled to receive had the plaintiff performed the stipulation made for it by its manager.

Upon the filing of this affidavit the plaintiff took a rule for judgment for want of a sufficient affidavit of defense which the learned court below discharged and the plaintiff appeals. The elaborate printed brief of the learned counsel for appellant is directed towards the proposition that because the contracts of 1909, as actually executed, were in writing, and because they contained this provision, to wit, "this contract to be binding must be signed by the purchaser and countersigned by an authorized representative of the company plaintiff," it would not be competent for the defendant to set up by way of defense, as against those contracts, the matters of fact in the affidavit now before us, no matter how abundantly he might be able to establish them by evidence on the trial.

In the light of a long line of authorities, but one or two of which we shall particularly notice, it is clear enough that the plaintiff's proposition at the best is but a doubtful one and that the record exhibits no proper case for the entry of a summary judgment. In Sloss-Sheffield Steel & Iron Co. v. Iron Company, 46 Pa. Superior Ct. 164, Judge MORRISON speaking for this court, used this language: "It hardly seems necessary to cite authorities that this alleged parol agreement must be considered with the written contract in determining the rights of the parties, if the defendant can support it by sufficient evidence at the trial. In Thomas & Sons v. Loose, 114 Pa. 35, the late Justice TRUNKEY, speaking for the Supreme Court, said: 'Parol evidence is admissible to establish a contemporaneous oral agreement, which induced the execution of a written contract, though it may vary, change or reform the instrument.' See Wheatley v. Niedich, 24 Pa. Superior Ct. 198; Gandy v. Weckerly, 220 Pa. 285." In Clinch Valley Coal & Iron Co. v. Willing, 180 Pa. 165, Mr. Justice WILLIAMS said: "It is a plain fraud to secure the execution of an instrument by representations as to the manner in which payment shall be made, differing in important particulars from those contained in the paper, and, after the paper has been signed, attempt to compel

literal compliance with its terms, regardless of the contemporaneous agreement without which it would never have been signed at all." This language is quoted with approval in the later case of Gandy v. Weckerly, 220 Pa. 285, where the entire question was elaborately discussed and many decisions reviewed. In that opinion it was said: "But from Hurst's Lessee v. Kirkbride (1 Binney 616), decided in 1773, down to the present time, this court has uniformly held, that where at the execution of a writing a stipulation has been entered into, a condition annexed, or a promise made by word of mouth, upon the faith of which the writing has been executed, that parol evidence is admissible, though it may vary and materially change the terms of the contract."

Without attempting then to consider or discuss the question as it may be presented upon an appeal by either party after final judgment, we are all of the opinion that the pleadings show no such clear case in favor of the plaintiff as would entitle it to a summary judgment and the learned court below was right therefore in discharging the rule.

Appeal dismissed at the costs of the appellant but without prejudice, etc.