## Gelber *v.* Western National Bank.

*Practice, C. P.—Interpleader—Feigned issue.*

1. Where in an action against a bank, another party claims the fund in controversy, and the bank secures an interpleader order for a feigned issue to try the title to the money in dispute, it is the duty of the plaintiff's counsel to have a feigned issue framed between his client and the claimant, and if he fails to do so and issues a scire facias against the claimant with subsequent rules to file an affidavit of defense and to plead, and a judgment is obtained at the trial against the claimant, such judgment is irregular.

*Contract—Agreement partly oral and and written—Evidence.*

2. Where an agreement is only shown in part by a writing it is proper to admit all competent oral testimony as to the agreement between the parties which induced and led up to the writing.

*Practice, C. P.—Assumpsit—Disputed evidence.*

3. As a general rule a plaintiff is not entitled to a binding instruction in his favor in an action of assumpsit, or in any other action where the parties dispute as to the facts, or the inferences to be deduced from oral testimony.

Argued Dec. 12, 1912. Appeal, No. 148, Oct. T., 1912, by James McGorrey, from judgment of C. P. No. 2, Philadelphia Co., June T., 1910, No. 300, on verdict for William A. Gelber in case of William A. Gelber v. Western National Bank and James McGorrey. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit based upon an oral agreement of sale.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for William A. Gelber.

Verdict and judgment for William A. Gelber for $391. James McGorrey appealed.

*Errors assigned* were refusal of various offers of evidence and in giving binding instructions for plaintiff.

*Thomas Ridgway*, for appellant.—The deposit receipt or trust paper is merely supplementary to the parol contract of sale declared upon in the statement of claim: Steel v. Loeb, 5 Pa. Superior Ct. 238.

Parol evidence was admissible: Diehl Mfg. Co. v. Elec. Co., 49 Pa. Superior Ct. 257; Sloss-Sheffield Steel & Iron Co. v. Iron Co., 46 Pa. Superior Ct. 164; Yinger v. Youngman, 30 Pa. Superior Ct. 139; Campbell v. Erb, 35 Pa. Superior Ct. 436; Martin v. McCune, 8 Pa. Superior Ct. 84; Gandy v. Weckerly, 220 Pa. 285; Perkiomen R. R. Co. v. Bromer, 217 Pa. 263; Clinch Valley Coal & Iron Co. v. Willing, 180 Pa. 165; Juanita Bldg. & Loan Assn. v. Hetzel, 103 Pa. 507.

This record is in no condition for a judgment on a verdict: Bechtel v. Sheafer, 117 Pa. 555; Brink v. Spencer, 14 Pa. Dist. Rep. 570.

*Charles L. Smyth*, for appellee.

OPINION BY MORRISON, J., February 27, 1913:

This ought to have been a very simple case to review on appeal, but the manner in which it has been handled by counsel and the court seems to require a lengthy statement of its history and facts before it can be intelligently decided.

Greenwald & Company had a wholesale liquor license at No. 719, Vine street, Philadelphia, and they had a lease of the premises. On March 29, 1910, the receiver in bankruptcy of said firm sold the right to the license and privilege of renewal and the lease and fixtures at public sale to William A. Gelber who is now plaintiff and appellee in this suit. It is alleged that Gelber assumed liability for the rent of the premises No. 719, Vine street, from April 1, 1910, and at the time of the sale paid $75.00 to the receiver. Gelber immediately sought to sell his interest in the license and premises and advertised for a purchaser and received in answer thereto a postal card, dated April 10, 1910, signed by McGorrey

who was a bar tender employed by one Gallagher who conducted a retail liquor saloon elsewhere in Philadelphia. It appears that Gallagher called on Gelber and they negotiated for McGorrey in regard to the purchase of what Gelber had to sell and they finally went to the office of Thomas Ridgway, Esq., and there Gelber met McGorrey and it was agreed, upon certain conditions, that Gelber would sell for the sum of $391, to McGorrey, what the former had bought from the receiver of Greenwald & Company, and at the office of Mr. Ridgway the following writing was drawn and signed by James McGorrey:

"I, James McGorrey, deposited this 14th day of April, A. D. 1910, the sum of three hundred and ninety-one dollars ($391) with the Western National Bank, Philadelphia, in trust, nevertheless, upon the following terms: If the License Court sitting on April 29, 1910, grant the transfer from the Trustee in Bankruptcy to me of the wholesale liquor license at 719 Vine Street, formerly belonging to Greenwald & Company, the said sum is to be paid to William A. Gelber, 209 Central Trust Building; and if said transfer is refused, said sum of three hundred and ninety-one dollars is to be returned to me, unless the ground of said refusal is my incapacity or undesirability."

It further appears that on April 15, 1910, at a meeting of creditors the referee in bankruptcy of Greenwald & Company approved the sale to Gelber, and by consent of all parties in interest, McGorrey was substituted in the place of Gelber as the purchaser. It is also alleged that on the same date Gelber paid the rent ($66.17), for the premises 719 Vine street for the month of April, 1910. McGorrey did not file any application for the transfer of the license at No. 719 Vine street to himself and the license was not transferred to him. On May 11, 1910, Mr. Ridgway, as counsel for McGorrey, demanded payment from the bank of the said $391 by a letter in which he stated: "The record of the court shows that

the transfer was not granted to McGorrey; the money therefore cannot be paid to Mr. Gelber and the transfer being refused, the money should be returned to McGorrey, the failure to transfer to him not being based upon his 'incapacity or undesirability.' "

The money was also demanded from the bank by Gelber and on refusal to pay it to him, he brought suit against the bank and the latter being a mere stakeholder obtained leave of court and thereupon paid the said money into court. Thereupon a rule to show cause was issued why William A. Gelber and James McGorrey should not interplead as to the ownership of the money which had been deposited in the Western National Bank and by the bank paid into court. This rule being made absolute, what the counsel ought to have done was to prepare the papers and have a feigned issue framed between Gelber and McGorrey to try and determine the title to the money in court. But instead of so proceeding, appellee's counsel took depositions and made an abortive attempt to get the money by that method. The court refused to order the money paid to the plaintiff. Plaintiff's counsel then issued a scire facias against McGorrey, appellant, and served him with a statement of claim and a rule to file an affidavit of defense. The appellant then filed an affidavit of defense protesting that the proceeding was irregular and illegal and that he ought not to be called upon to file an affidavit. But later, instead of moving to strike off the scire facias for the purpose of compelling the plaintiff to proceed with the feigned issue, as ordered by the court, the defendant pleaded non assumpsit, payment, and set-off, with leave, etc., and went to trial. At the trial the learned court took the view that the writing of April 14, 1910, signed by James McGorrey and Charles F. Wignall, cashier, which writing is quoted above, was the written contract between Gelbert and McGorrey and refused to hear oral testimony as to the oral contract that was made on the one part by Gelber and on the other by McGorrey,

and by Gallagher acting for him in regard to the purchase by the latter of the license, leasehold and fixtures and the court finally gave a binding instruction in favor of the plaintiff and against James McGorrey for the full amount of the $391, which had been deposited by McGorrey in the bank and by the latter paid into court.

We thus have the anomaly of a verdict and judgment thereon against the appellant in assumpsit, for the $391 which was in court at the time and still remains there so far as we are advised.  But it should be here noted that the appellant was not a defendant in the suit when it commenced, as it was against the Western National Bank alone, and the appellant was only in court in pursuance of the rule granted upon Gelber and himself, and made absolute for a feigned issue to try the title to said money.  It may be that the roundabout method of the scire facias, to which we have referred, brought the appellant into court and that by filing an affidavit of defense and a plea he was in a position to have a verdict and judgment go against him for the amount of the money in court.  But in view of the record showing the positive order of court for a feigned issue to try the title to the money in dispute, we think the present judgment which is appealed from is at least irregular.

.In our opinion this case cannot be properly tried on the narrow and technical theory that the transaction between the appellee and appellant is all embraced in the writing of April 14, 1910, signed by the appellant for the purpose of showing what was to be done with the money deposited in the Western National Bank.

We find in the record eight assignments of error and in our opinion they must all be sustained, except the seventh. This of course, requires a reversal of the judgment and when the case goes back for another trial in the court below, we suggest that the feigned issue which the court ordered, be framed and the case tried upon all of the testimony bearing upon the transactions between Gelber and McGorrey and that the jury be properly instructed

to determine upon all of the facts in evidence to which of the parties the money in court belongs. We entertain no doubt about the competency of the evidence as to what took place between Gelber, McGorrey and Gallagher which led up to the execution of the writing of April 14, 1910, above quoted. We think it clear that said writing was executed in pursuance of oral conversations and agreements which led up to the execution of the writing. We think this paper falls far short of a complete contract between Gelber and McGorrey in regard to the sale and purchase of the Vine street liquor license, leasehold and fixtures.

It is conceded that the $391 was the money of McGorrey when it was deposited in the bank and it is now in the court below, and the appellant has a judgment against him, in assumpsit, for the full amount of the money. It is also conceded that the license was not transferred to McGorrey and we do not understand that he got the fixtures and personal property connected therewith and it is difficult to see how it can be determined that his money goes to Gelber without a full investigation of all of the facts of the transaction. Do the facts surrounding this transaction, and the law applicable thereto, put the title to this money in Gelber, or does it remain the money of McGorrey? That question should be fairly and fully tried and determined.

If the case shall be tried as a feigned issue it is, of course, possible the plaintiff may be able to show he is entitled to the money. If, however, it shall be again tried as an action of assumpsit it may transpire that the plaintiff is only entitled to recover damages for the breach of the contract. We doubt very much, however, that the plaintiff can present a case in either method of trial which will entitle him to a binding instruction in his favor. If evidence shall be offered and received to develop all of the material facts in the case it is not easy to see how the court can give a binding instruction in favor of the plaintiff. As a general rule a plaintiff

is not entitled to a binding instruction in his favor in an action of assumpsit, or in any other action, where the parties dispute as to the facts or the inferences to be deduced from oral testimony.

If authorities are needed upon the proposition that the oral contract between the parties leading up to the written memorandum can be shown, we refer to the following cases: Sloss-Sheffield Steel & Iron Co. v. Iron Co., 46 Pa. Superior Ct. 164; Yinger v. Youngman, 30 Pa. Superior Ct. 139; Campbell v. Erb, 35 Pa. Superior Ct. 436; Diehl Mfg. Co. v. Phila. Elect. Co., 49 Pa. Superior Ct. 257; Perkiomen R. R. Co. v. Bromer, 217 Pa. 263; Clinch Valley Coal & Iron Co. v. Willing, 180 Pa. 165; Juniata Bldg. & Loan Assn. v. Hetzel, 103 Pa. 507. We think these authorities pertinent for the reason that there does not appear to be a complete written contract between Gelber and McGorrey covering the subject-matter of the controversy. Moreover, we do not think it possible to fairly try the questions in dispute without the admission of all of the competent oral testimony as to the agreement entered into between said parties which induced and led up to the written memorandum, made when the money was deposited in the bank.

The assignments of error are all sustained, except the seventh, and the judgment is reversed with a venire facias de novo.

RICE, P. J., and PORTER, J., dissent.