# Williams, Appellant, *v.* Williams, Executrix et al.

*Practice, C. P.—Pleading—Amendment—Agreement of parties—Effect—Question on appeal—Defense not set up in pleadings—Practice Act of 1915, P. L. 483, section 16.*

In an action of assumpsit, if the parties mutually agree, at the trial, to an amendment of the plaintiff's statement, so as to base the action upon a written instead of an oral contract, the plaintiff will not be heard, on appeal, to complain of the order of court amending the statement, in pursuance of his own agreement.

The parties having agreed to an amendment of the pleadings, and gone to trial upon the issue framed under the amendment, one of them cannot subsequently present a different issue by an application for a further amendment. The issue is to be framed before trial. The 16th section of the Practice Act of 1915, P. L. 483, provides that neither party shall be permitted at the trial to make any defense which is not set forth in the pleadings.

Argued April 13, 1922. Appeal, No. 98, April T., 1922, by plaintiff, from judgment of C. P. Indiana Co., Dec. T.,

1917, No. 113, for defendant on findings by the court without a jury, in the case of D. B. Williams v. Gwennie H. Williams, Executrix, and Charles H. Williams, Executor of John W. Williams, deceased. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover money alleged to be due on contract. Before LANGHAM, P. J., without a jury.

The opinion of the Superior Court states the case.

The court found in favor of the defendants in the sum of $500, which was subsequently reduced to $50, and judgment entered thereon. Plaintiff appealed.

*Errors assigned* were the order of court amending the plaintiff's statement, the order of court refusing to allow amendment, pleading the statute of limitations, the rulings of the court on various exceptions to the findings and conclusions of the court, and the judgment of the court.

*E. Walker Smith,* for appellant.— A party may amend as often as necessary: Franklin v. Mackey, 16 S. & R. 117; Alliance Borough v. Schwartz, 53 Pa. Superior Ct. 448.

*S. M. Jack,* and with him *James L. Jack,* for appellee.

OPINION BY HENDERSON, J., July 13, 1922:

The plaintiff declared on a parol contract, according to the tenor of which John W. Williams entered into an agreement with the plaintiff for the sawing into lumber of some standing timber. The contract was alleged to have been made about the first of March, 1911—soon after which the work was entered on and carried forward to completion. The claim was for the amount earned by the plaintiff in the prosecution of the work at the price agreed on, together with some accounts not

connected with this contract. In the affidavit of defense filed by the defendants who are the executors of the will of John W. Williams, the existence of the parol contract set up by the plaintiff was denied, and it was alleged that there was a contract in writing under seal which defined the character and extent of the work to be done by the plaintiff and the conditions attending its performance. In the plaintiff's reply to the affidavit he stated that he had no knowledge or recollection of ever signing the agreement, a copy of which was attached to the defendants' answer, and he demanded the production of the agreement and proof of its execution. The counsel for the parties agreed to dispense with a jury and to try the case before the court. The case was called for trial May 19, 1920, when the evidence was introduced, the case argued and submitted for decision. In the course of the trial when a demand was made by the defendants for proof of the contract, the plaintiff's counsel stated that they were willing to make an amendment to their statement of claim to the effect that they accepted the allegations of the defendants that the written contract set out in the affidavit of defense is the contract under which the work was done. This was objected to, whereupon an agreement was entered into by the parties to the action that plaintiff's claim might be founded on the agreement set forth in the defendants' answer and that no objection would be raised by the defendants to an amendment to that effect; "the amendment to take place as of this date and is not to revert back to the commencement of suit, and proceedings hereafter shall be had as if suit brought of this date." The court thereupon made an order amending the statement of claim in conformity to the agreement. The first assignment alleges that the court erred in making this order. As the action of the court was pursuant to the agreement of the parties, we do not understand on what basis the objection can be placed. The amendment was in the interest of the appellant; he was in court proposing to show the existence of a parol

contract on which he asserted a right to recover dam-
ages.    When it was shown in the answer that the con-
tract was in writing and was materially different from
that alleged in the statement of claim, three courses
were presented to him :  (1) to prove the facts as asserted
in the statement;  (2) to obtain permission of the
court to amend the statement;  (3) to take a nonsuit.
He chose the middle course and having induced the court
to make the order, he can not now be heard to complain
of the concurrence of the court in the proposition to
amend.

A week after the argument of the case and its submis-
sion to the court, the plaintiff's counsel made an appli-
cation to amend the reply to the defendants' answer so as
to permit him to plead the statute of limitations as a bar
to the defendants' counterclaim.    The application was
refused by the court and this is made the subject of the
2d assignment.    The purpose of the statement of claim,
the answer and the reply, is to establish an issue to be
tried.    That issue is to be formed before the trial.    The
16th section of the Practice Act of 1915, provided that
neither party shall be permitted at the trial to make any
defense which is not set forth in the affidavit of defense
or plaintiff's reply as the case may be, except as provided
in sections 7 and 13.    The amendment proposed would
raise an issue not introduced at the trial and might in-
volve a retrial.    The court very properly therefore re-
fused the amendment.

The questions of fact involved in the controversy were
presented in the testimony of witnesses and some mem-
oranda and accounts and the conclusion of the court
should have the effect of a verdict as to the matters in
issue.    All of the findings are supported by evidence and
the appellant has not made it clear that an error was
committed in any of them.    The evidence in support of
the plaintiff's case was not convincing in important re-
spects; the accounts presented were not well kept, and
there is evidence tending to show either a lack of good

faith, or a lack of knowledge in the conduct of the business by him. We have examined all of the evidence carefully with a view of ascertaining whether any of the complaints presented in the numerous assignments are well founded. There was some evidence to support each of the findings of the trial judge and they should not be set aside under such circumstances. Without entering into a discussion of the specific exceptions it is sufficient to say that the burden assumed by the appellant in exhibiting errors in the record has not been sustained.

The appeal is dismissed and the judgment affirmed.