# Pittsburgh-Texas Gas & Oil Co. *v.* Adams et al., Appellants.

*Evidence—Parol evidence — Contracts — Receipt — Contract in writing—Contemporaneous parol agreement—Charge of the court —Harmless error.*

A receipt for money paid is not an agreement in writing, and is subject to explanation by parol evidence.

In an action upon a written contract, where the defendant sought to establish a parol agreement as an inducement to the execution of the written contract, the trial court properly charged the jury that, in order to prove such an agreement, the witnesses must be credible, and their examination must show them to have a distinct recollection of the relevant facts, and their testimony must be clear, precise and indubitable. The whole effect of the charge having been a correct statement of the law applicable to the facts, assignments of error to portions of the charge will not be sustained, particularly where the error gave the appellant an advantage.

*Practice, C. P.—Pleadings—Plaintiff's statement—Amendment.*

An amendment of the plaintiff's statement after verdict, and while motions for new trial and judgment non obstante veredicto were pending, was properly allowed, where the amendments did not go outside the case as it was tried, and the defendant could not have been misled thereby.

Argued April 18, 1922. Appeal, No. 158, April T., 1922, by defendants, from judgment of C. P. Westmoreland County, Feb. T., 1921, No. 515, on verdict for plaintiff, in the case of L. J. Goodwin and Pittsburgh-Texas Gas & Oil Co. v. A. B. Adams, Agent, A. B. Adams, James A. Montgomery and Paul J. Murrie. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover moneys paid on account of contract. Before COPELAND, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $1,500, and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings upon evidence, parts of the charge, the action of the court in permitting amendment of the pleadings and refusal to enter judgment non obstante veredicto.

*John E. Kunkle,* for appellants.—The amendment should not have been allowed: Hale v. Hale, 32 Pa. Superior Ct. 37.

The evidence offered to prove the parol agreement was not sufficient to justify its admission for the purpose of reforming the written contract: Wolf v. Rosenbach, 2 Pa. Superior Ct. 587; Butler v. Keller, 19 Pa. Superior Ct. 472; Myers v. Kipp, 20 Pa. Superior Ct. 311; General M. T. Co. v. Phila. Paving Co., 248 Pa. 499.

*Z. T. Silvis,* for appellee.—A written agreement may be modified, explained, reformed or altogether set aside by parol evidence of an oral promise which induced the execution of the writing: Ott v. Oyer's Extrs., 106 Pa 6; Honesdale Glass Co. v. Storms, 125 Pa. 268; Phillips Gas & Oil Co. v. Pittsburgh Plate Glass Co., 213 Pa. 183.

Amendments, which tend to advance the interests of justice, are proper, and necessary, and should always be allowed: Trego v. Lewis, 58 Pa. 463; Theisen v. Pittsburgh Railways Co., 256 Pa. 475; Brown v. Winelander, 73 Pa. Superior Ct. 197.

OPINION BY GAWTHROP, J., July 13, 1922:

The parties plaintiff in this action as brought were L. J. Goodwin and Pittsburgh-Texas Gas & Oil Company, a corporation. At the trial the record was amended by eliminating L. J. Goodwin. The suit was in assumpsit. Susan J. Neth was the owner of a tract of land containing 57 acres more or less in Westmoreland County, Pennsylvania. On February 16, 1920, she entered into an agreement or lease with Montgomery and Murrie, giving them and their successors, heirs and assigns the exclusive

right to drill for oil on this acreage. Adams became associated with the lessees as their agent and perhaps as a partner, the evidence does not clearly disclose. The controversy arises over the terms and conditions of the purchase. Goodwin, who was president of plaintiff, and three associates met Adams and went over the ground on the afternoon of May 25, 1920. In the evening, after discussing terms, they entered into the following written agreement: "Agreement made and entered into this 25th day of May, 1920, between J. A. Montgomery and A. B. Adams, parties of the first part, and L. J. Goodwin, of Monessen, Westmoreland County, Pa., party of the second part. The parties of the first part hereby agree to lease unto the party of the second part, for the exclusive right to drill for Oil and Gas, and the possession of so much of Three (3) acres, being a part of the Susan J. Neth Farm, in Rostraver Township, Westmoreland County, Pennsylvania, on the following terms, to wit:

"In Consideration of the sum of Five Hundred ($500) Dollars, and an additional sum of Two Hundred and Fifty ($250) Dollars, said Two Hundred and Fifty ($250) Dollars to be paid when drilling operations begin, and a further consideration of One-fourth (¼) of all Gas saved and sold or produced from the said premises.

"A condition of this agreement is such that a lease will be prepared and assigned to the party of the second part, said lease to comply with all the conditions contained in an original lease from Susan J. Neth to the parties of the first part.

"Receipt is hereby acknowledged for the sum of One Hundred ($100) Dollars as payment on the above consideration, and balance to be paid upon delivery of above mentioned lease, said lease to be delivered the 28th day of May, 1920, at Noon.

"Signed in the presence of J. A. Montgomery [Seal]
   "W. S. Robbins,       A. B. Adams    [Seal]
   "L. W. Hunter.       L. J. Goodwin   [Seal]"

On May 29, 1920, Goodwin and one of his associates again met Adams, paid him the four hundred dollars ($400) due under the above agreement, and agreed verbally to take a lease for the remainder of the Neth land for a consideration of four thousand dollars ($4,000) and, in other respects, upon the same terms as were agreed upon as to the three-acre tract. At this time fourteen hundred dollars ($1,400) was paid, four hundred dollars ($400) representing the balance due under the agreement of May 25th, and one thousand dollars ($1,-000) on account of the agreement of May 29th. At the same time, Adams gave Goodwin a receipt for the fourteen hundred dollars ($1,400), stating that it was "paid subject to the title and if same is defective it shall be returned."

Plaintiff sued to recover the fifteen hundred dollars ($1,500) paid. It alleged in addition to the above facts, that, as part of the parol agreement of May 29th, Adams representing defendant, promised that the fourteen hundred dollars ($1,400) then paid, as well as the one hundred dollars ($100) paid on May 25th, would be held in escrow subject to the approval of the leases by plaintiff and their attorney, and that if the leases were not satisfactory the checks were to be returned to plaintiff; that defendants, through fraud, accident and mistake did not incorporate in the agreement of May 25th, that the check of one hundred dollars ($100) was to be returned if the gas and oil lease was not satisfactory to the attorney representing plaintiff, and that, in violation of the entire agreement, defendants used the checks; that when the leases were disapproved by plaintiff's attorney, notice of the fact was given to defendant; that defendants were unable to procure satisfactory leases, whereupon demand was made for the return of the checks or the money representing the value thereof, and, upon defendant's refusal to pay, the suit was brought.

At the trial, plaintiff offered and was permitted to prove that at the time the agreement of May 25th was

executed, there was a contemporaneous parol agreement entered into between the parties to the effect that the one hundred dollars ($100) then paid should be returned if the attorney for the plaintiff failed to approve the original gas and oil lease to the Susan J. Neth property, and that this parol agreement was the inducing cause of the execution of the written agreement. They offered and were permitted to prove that a similar agreement was made at the time of the payment of the fourteen hundred dollars ($1,400) on May 29th. They proved further that the attorney for the plaintiff disapproved the original lease. The case was tried on the above theory and under what we consider a charge free from reversible error the learned trial judge submitted it to the jury which found for plaintiff on June 1, 1921. At the close of the testimony, counsel for plaintiff moved to amend the statement to conform to the testimony by alleging the contemporaneous parol agreements mentioned above. Motions for a new trial and for judgment non obstante veredicto were filed by defendant. On February 4, 1922, the trial judge permitted plaintiff to file in writing the amendments to the statement covering the proofs offered of a contemporaneous parol agreement inducing the signing of the written agreement, and on February 6, 1922, filed an opinion and decree discharging the rules for judgment non obstante veredicto and for a new trial.

The assignments of error are six in number. The first challenges the admissibility of an offer of plaintiff to prove that something was omitted by fraud, accident or mistake from the receipt given by defendant on May 29, 1920. This assignment is overruled because the receipt did not constitute a written agreement and was subject to explanation. The only agreement made on May 29th was verbal.

. The second assignment charges error in permitting the filing of the amendments to plaintiff's statement on

February 4, 1922. The amendments did not go outside of the case as it was tried. The defendant could not have been misled. This was a proper exercise of judicial discretion and tended to promote the administration of justice: Theisen v. Pittsburgh Rys. Co., 256 Pa. 475. Assignment overruled.

The third assignment charges error in that part of the charge of the trial judge wherein he undertook to recapitulate the points which the jury must pass upon. The main point in the case was whether there was a contemporaneous parol agreement which induced the execution of the written agreement. While the trial judge, by one expression in this portion of the charge, instructed the jury that the plaintiff could not recover unless the parol agreement was omitted from the writing by fraud, accident or mistake, the expression was used in connection with a full and correct statement relative to the effect of a contemporaneous parol agreement and the amount and character of the evidence necessary to sustain it. The error herein charged was harmless, because it gave the defendants an advantage which they did not deserve: Croyle v. Cambria Land & Impr. Co., Ltd., 233 Pa. 310; Diehl Mfg. Co. v. Philadelphia Electric Co., 49 Pa. Superior Ct. 257. Taken as a whole the charge placed the issues fairly before the jury, and this assignment is overruled.

The fourth and sixth assignments attack the refusal to enter judgment non obstante veredicto. We have read the entire record and thoroughly considered the argument upon this proposition and are satisfied that the questions of fact in the case had to go to the jury, and that there was sufficient evidence to sustain the verdict. The main question in the case was whether, at the time of entering into the agreement of May 25th, there was a parol agreement which induced the execution of the written agreement. The learned court below correctly instructed the jury in substance that in order to prove a

contemporaneous parol agreement, which is alleged to have induced the execution of a writing, the witnesses, in support of the alleged parol agreement, must be credible, and their examination must show them to have a distinct recollection of the relevant facts and their testimony must be clear, precise and indubitable before it can be permitted to overcome the documentary proof to which it is opposed. This statement of the law is sustained by all our authorities. See Thompson v. Schoch, 254 Pa. 585. Assignment overruled.

The fifth assignment complains of the trial court's affirmance of plaintiff's third point, the point and answer being as follows: Point: "If the jury find from the testimony submitted by the plaintiffs, that the $1,500, paid by the plaintiffs to the defendants was secured either by fraud, accident or mistake, we instruct you that your verdict should be for the plaintiff." Answer: "All of that point is affirmed with this modification that if you find there was an agreement that counsel should examine the papers relative to the transfer of the defendant's right, title and interest in this lease and you find that was left out of the agreement of May 25, 1920, by either fraud, accident or mistake and you find there was a contemporaneous parol agreement made at the time of the execution of this paper that the money would be returned if the plaintiff's counsel decided adversely to the papers representing their title and that was the inducing cause of its execution and that he did pass adversely, then your verdict ought to be for the plaintiff." The point should have been refused as written, because it was inapplicable to the case as tried. The answer, however, was prejudicial to the plaintiff rather than to the defendants, and gave defendants an advantage to which they were not entitled. Assignment overruled.

The judgment is affirmed.