## Brubaker v. Koller.

*Practice, C. P.—Pleading—Counter-claim—Affidavit of defence—Act of May 14, 1915.*

1. Under the Practice Act of May 14, 1915, P. L. 483, an affidavit of defence setting up a counter-claim will be stricken off if it is not sufficiently full and precise to enable a proper reply to be made and a definite issue formed.

2. In such case, the set-off or counter-claim is to be regarded as the defendant's statement of claim, and it can be attacked for want of necessary averments in the same way that an original statement can be attacked.

Motion to strike off supplemental affidavit of defence. C. P. York Co., April T., 1923, No. 184.

*James J. Logan,* for plaintiff and motion; *John A. Hoober,* contra.

Ross, J., Feb. 4, 1924.—The statement filed in this case consists of seven separable paragraphs.

The first and second paragraphs state the places of residence of the plaintiff and of the defendant.

The third paragraph sets forth that, "At York, Pa., by verbal agreement, on or about, to wit, December 20, 1922, the defendant employed the plaintiff to go to Grove City, Pa., and to work in and about a bridge located on or near

Brubaker *v.* Koller.

Hunter's farm, near said city, which bridge the defendant claimed to own and for which work the defendant then and there agreed to pay the plaintiff at the rate of one dollar ($1.00) per hour and expenses, including transportation, board and lodging."

The fourth paragraph states that, "In pursuance of said agreement, at the verbal direction of the defendant, plaintiff, on January 1, 1923, went to said Grove City and was employed in and about the business of the defendant in and about said bridge, beginning January 1, 1923, and continuously to and including January 22, 1923, during which time the plaintiff worked for the defendant a total of 153½ hours, more fully set out in Exhibit 'A,' hereto attached."

The fifth paragraph states that, "In accordance with said employment, the plaintiff laid out and expended seven dollars ($7.00) in carfare and forty-five dollars ($45.00) in board and lodging, which he seeks to recover as expenses under said contract."

The sixth paragraph states: "By reason of said premises, the defendant became indebted to the plaintiff as follows: ————; total, $205.50."

The seventh paragraph says that "the defendant paid to the plaintiff on account of said bill the sum of $12.04, and the further sum of $25.00. The balance due the plaintiff is $168.46, which sum is now due, with interest thereon from January 22, 1923."

The affidavit of defence admits the third paragraph of the statement, "except that the verbal contract included board and lodging, which is denied."

The affidavit of defence denies the fifth paragraph, and avers "it was not material what sum the plaintiff paid for boarding, as defendant, under the terms of the contract, was not liable therefor."

The affidavit of defence denies the sixth paragraph, and avers that he, "defendant, employed plaintiff to wreck and ship for him two bridges, and especially instructed him to wreck what is known as the Hunter bridge first, and if he had any trouble with Mr. Hunter, on whose land it was located, to at once begin work on the other bridge. Plaintiff had trouble with Mr. Hunter and could not remove said bridge, and, instead of at once beginning work on the other bridge, as instructed, loafed at the hotel approximately ten days, and for said period of loafing has now charged defendant $1.00 per hour."

"Defendant has paid $37.04, being the full sum due plaintiff for the period he worked, deducting said period of loafing caused by plaintiff's disobeying defendant's orders and the terms of the contract."

Subsequently defendant filed, by leave of court, the following worded paper:

"Supplemental affidavit of defence and counter-claim.

"Defendant hereby files supplemental affidavit of defence and counter-claim in the above entitled action and avers as follows:

"Reaffirming all contained in his affidavit of defence and counter-claim, defendant sets up the following counter-claim supplemental and additional to that contained in the original counter-claim, as follows:

"Defendant purchased and delivered to the plaintiff the following articles of the character and at the prices shown hereinafter, to be used by the plaintiff in certain labor for the defendant. That the said plaintiff has neglected and refused to deliver to defendant the said articles, or any of them, to wit: Forty-two and one-half pounds one and one-fourth inch manilla rope, $12.75; one hundred and fifty pounds manilla rope, one inch, $9.46; two hundred pounds one and one-fourth inch manilla rope, $17.00; and one acetylene burning torch, $105.00; a total of $144.21; also canvas covering of the value of $50.00; also 40-foot rope of value of $10.00; total, $204.21.

Brubaker *v.* Koller.

"Plaintiff retains the said articles against the right of the defendant thereto, and defendant claims from the plaintiff the cost thereof, to wit, $144.21; all of which defendant will prove on the trial of this cause.

"Affirmed to and subscribed before me, this 15th day of October, A. D. 1923.

"W. H. Snyder, Prothonotary.          (Signed)     W. C. KOLLER."

The plaintiff then filed the following worded motion by leave of court:

"Henry Brubaker, the plaintiff, by James J. Logan, his attorney, respectfully moves the court to strike off the supplemental affidavit of defence and counter-claim filed by the defendant and to stay a rule to reply thereto within fifteen days, for the following reasons, to wit:

"1. The date and place of delivery of the articles, or any of them, is not set out.

"2. There is no averment that the plaintiff received the articles mentioned or undertook to be responsible for their safety or return to the defendant, or whether such agreement was verbal or in writing.

"3. Plaintiff cannot learn from said supplemental affidavit of defence whether he is charged with receiving said articles from the defendant or from some agent of the defendant, or when or where received or for what purpose to be used.

"4. Plaintiff cannot learn from said affidavit the nature or character or kind of articles he is alleged to have received and whether or not they were new or used articles at the time the alleged delivery was made, or whether they are alleged to have been delivered at or about the same time or in connection with the transaction for which he brought suit or at some other and different transaction and time.

"5. The affidavit is too vague and indefinite to permit him to file any reply thereto or prepare a defence thereto at the trial of said cause."

Section 21 of the Practice Act of May 14, 1915, P. L. 483, authorizes the court, upon motion, to strike from the record a pleading which does not conform to the provisions of this act.

The motion charges that the supplemental affidavit of defence does not conform to the provisions of the act.

The purpose of the statement of claim, the answer and the reply, is to establish an issue to be tried. The issue is to be formed before the trial: Williams *v.* Williams, 79 Pa. Superior Ct. 189.

The defendant's set-off or counter-claim is to be regarded as his statement of claim, and, we think, can be attacked in the same way that an original statement can be attacked, for the reply cannot be made with more definiteness than the supplemental statement is made, especially when it raises material matters not contained in the original statement or affidavit of defence. "At the trial, neither party is permitted to make any defence which is not set forth in an affidavit of defence or reply thereto, except in case of an administrator or executor, guardian or committee, or in trespass cases, as provided by sections 7 and 13 of the act."

So far as the supplemental affidavit of defence divulges, we cannot tell if the set-off pertains to the contract upon which the plaintiff bases his suit.

The motion to strike off the supplemental affidavit of defence must, therefore, prevail.

And now, Feb. 4, 1924, the supplemental affidavit of defence filed Oct. 15, 1923, is ordered stricken from the record, with leave to file an additional, supplemental or amendatory affidavit, *secundum regulam*, within fifteen days from this date.

From Richard E. Cochran, York, Pa.