# Allen & Hall *v.* Roberts, Appellant.

*Sales—Acceptance—Act of May 19, 1915, P. L. 543, section 4.*

Where an order for a carload of cantaloupes, a carload of potatoes and a carload of peaches constituted one contract, the delivery to and acceptance by the defendant of the carload of cantaloupes, and his payment therefor, constituted such an acceptance and receipt of part of the goods contracted to be sold as to permit an action against the defendant on the carload of peaches, without any note or memorandum in writing signed by him.

*Trials—Plaintiff's statement—Amendment—Affidavit of defense —Amendment.*

An amendment to a plaintiff's statement, after the testimony was closed, is properly permitted where it amounted to nothing more than a formulation of the pleadings, and did not change the issue or go outside of the testimony which was already in.

An amendment to an affidavit of defense, offered by the defendant more than a week after the testimony had been closed, and was such an amendment as raised a new issue and would have required the reopening of the case, is properly refused.

Argued March 2, 1925. Appeal, No. 17, Feb. T., 1925, by defendant, from judgment of C. P. Lackawanna Co., March T., 1921, No. 193, in the case of Wm. F. Allen and W. H. Hall, doing business as Wm. F. Allen & Co. v. W. J. Roberts. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on contract of sale. Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Walter Briggs, Esq., as referee, who found in favor of the plaintiff in the sum of $843.73. On exceptions to referee's report the court dismissed the exceptions and entered judgment in accordance with the recommendation of the referee. Defendant appealed.

*Errors assigned* were in dismissing various exceptions to the report of the referee and the judgment of the court.

*Cornelius B. Comegys,* and with him *Ralph W. Rymer,* for appellant, cited: Southern Pines Sales Corp. v. Braddock L. Co., 81 Pa. Superior Ct. 309, 310; Dolan Mercantile Co. v. Marcus et al., 276 Pa. 404; Mason-Heflin Coal Co. v. Currie, 270 Pa. 221; Manufacturer's Light & Heat Co. v. Lamp, 269 Pa. 517; Franklin Sugar Co. v. Howell, 274 Pa. 191, 194.

*J. H. Price,* and with him *S. B. and C. B. Price,* for appellee.

OPINION BY KELLER, J., April 28, 1925:

There was evidence produced on the trial of the action from which a jury—or in this case the referee—might find that the order for a carload of cantaloupes, a carload of potatoes and a carload of peaches constituted one contract: Weeks v. Crie, 95 Me. 458, 48 Atl. 107; Garfield v. Paris, 96 U. S. 557; Mills v. Hunt, 20 Wendell (N. Y.) 431; Jenness v. Wendel, 51 N. H. 63; Coffman v. Hampton, 2 W. & S. 377; and the referee having so found, it follows that the delivery to and acceptance by the defendant of the carload of cantaloupes and his payment therefor constituted such an acceptance and receipt of part of the goods contracted to be sold as to permit an action against the defendant upon the carload of peaches without any note or memorandum in writing signed by him: Sales Act of May 19, 1915, P. L. 543, section 4.

The amendment to the plaintiff's statement permitted by the court after the testimony was closed amounted to nothing more than a formulation of the pleadings so as to conform to the testimony: Wall v. Royal Society of Good Fellows, 179 Pa. 355, 368; it did not change the issue or go outside of the testimony which was already

in: Pittsburgh-Texas G. & O. Co. v. Adams, 79 Pa. Superior Ct. 511. It was such an amendment as has frequently been allowed even in the appellate courts.

On the other hand, the amendment to the affidavit of defense offered by the defendant, more than a week after the testimony had been closed and the plaintiffs and their witnesses had gone back to their homes, was such an amendment as raised a new issue and would have required the reopening of the case and its trial upon a wholly different theory. No error was committed in refusing such an amendment at that stage of the proceedings: Williams v. Williams, 79 Pa. Superior Ct. 192.

The assignments of error are overruled and the judgment is affirmed.