# Philadelphia & Gulf Steamship Company *v.* Soeffing, Appellant.

*Courts—Municipal courts—Trial of case by jury—Appeals—Assignments of error—Review.*

1. Where a case is tried in the municipal court of Philadelphia county without a jury, and counsel for the defendant without presenting points or requests for special findings, asks the trial judge at the conclusion of the evidence "to find a verdict for defendant," and no exception is taken to the implied refusal of this request, and the judgment subsequently entered, and errors assigned on appeal are (1) "not finding a verdict for defendant as requested" and (2) "finding a verdict in favor of the plaintiff and entering judgment thereon," the only question legitimately raised by the assignments is whether the judgment is regular and responsive to the issue presented by the pleadings.

*Corporations—Receiver—Foreign corporations—Registration—Stock subscription—Interstate commerce—Defenses.*

2. In an action by a receiver of a foreign corporation to recover on a stock subscription if it appears that the only business of the company was that of interstate commerce, the defendant cannot set up as a defense that the company had not been registered in compliance with the Pennsylvania statutes.

3. In such a case the defendant cannot set up as a defense "that the company was incorporated under the laws of the state of Delaware not for the purpose of conducting any business in Delaware, but for the purpose of avoiding the laws of the state of Pennsylvania."

4. To obtain a charter under the laws of another state because it can be obtained easier and with less expense, is not a fraud which vitiates the charter and opens it to collateral attack in an action brought upon an otherwise valid contract.

Argued Oct. 21, 1914. Appeal, No. 170, Oct. T., 1914, by defendant, from judgment of Municipal Court, Phila. Co., March T., 1914, No. 469, on verdict for plaintiff in case of Philadelphia & Gulf Steamship Company in the hands of S. P. Wetherill, Jr., Receiver, v. Harry Soeffing. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover a balance due on a stock subscription. Before BONNIWELL, J.

The facts were essentially the same as in Philadelphia & Gulf Steamship Company v. Clark, supra.

Verdict and judgment for plaintiff for $780. Defendant appealed.

*Errors assigned* were in the following form:

The learned trial judge erred in not finding a verdict for the defendant as requested.

The learned court below erred in finding a verdict in favor of the plaintiff and entering judgment therein.

*William A. Carr*, with him *W. Horace Hepburn* and *Sidney L. Krauss*, for appellant.

*W. J. Conlen*, of *Conlen, Brinton & Acker*, with him *J. Thurston Manning, Jr.*, for appellee.

OPINION BY RICE, P. J., April 19, 1915:

This case was tried by the court without a jury. No points or requests for special findings of fact were presented. But at the conclusion of the evidence his counsel orally requested the trial judge "to find a verdict for defendant." No exception was taken to the implied refusal of this request, or to the judge's finding,

or to the judgment subsequently entered thereon for the plaintiff. The matters assigned as error are: (1) "not finding a verdict for the defendant as requested"; (2) "finding a verdict in favor of the plaintiff and entering judgment thereon."

The constitution provides that the judgment in a case tried by the court without a jury shall be subject to writ of error as in other cases. The characteristics of that mode of review remain the same, notwithstanding the name "appeal" is now attached by the act of May 9, 1889, to that and the two other modes of review in common use before. Hence, where a civil case is tried by the municipal court without a jury, and judgment is entered, the appeal which lies is not the same kind of appeal that lies from the judgment of a justice of the peace or from the decree of a court of equity. See Rand v. King, 134 Pa. 641. Its function is to obtain correction of errors of law which appear either on the face of the record proper, or in a bill of exceptions duly taken to the rulings of the court. As the assignments of error are not based on anything brought into the record by bill of exceptions, the only question legitimately raised by them is whether the judgment was regular and responsive to the issue presented by the pleadings, and that must be answered in the affirmative. Therefore, strictly speaking, the sufficiency of the evidence to sustain the verdict is not raised.

Granting, however, that the latter question, which has been elaborately and learnedly argued, is legitimately before us, the court committed no error in its finding. As counsel for appellant correctly say in their paper-book, the only question before the court was as to the validity of the contract of subscription for stock of the company on which the action was brought. The contention that it was invalid was based mainly on the fact that the plaintiff, a Delaware corporation, had not complied with the conditions prescribed by the act of

April 22, 1874. The identical question has been discussed quite fully in Philadelphia and Gulf Steamship Company, etc., v. Clark, in which we herewith file an opinion, and we will not go over the ground again. It was there held, that the business which the company was organized to conduct and actually conducted, was interstate commerce, and therefore was within the protection of the commerce clause of the federal constitution, and not subject to the conditions imposed by the state statute.

The only different element brought into this case by admissions made on the trial is, "that the company was incorporated under the laws of the State of Delaware, not for the purpose of conducting any business in Delaware, but for the purpose of avoiding the laws of the state of Pennsylvania." What laws of Pennsylvania the founders of the company had in view, is not stated. If they had in view the act of 1874, of course they could not avoid the operation of that act by obtaining incorporation in some other state. If they were the laws relating to the method of obtaining incorporation in Pennsylvania, we fail to see the relevancy of the admitted fact. To obtain a charter under the laws of another state because it can be obtained easier and with less expense, is not a fraud which vitiates the charter and opens it to collateral attack in an action brought upon an otherwise valid contract. The protection of the commerce clause of the constitution depends not on the fact that the corporation was a foreign corporation, or the motives of its founders, but on the fact that the business it conducted was exclusively interstate commerce. "To carry on interstate commerce is not a franchise or a privilege granted by the constitution; it is a right which every citizen of the United States is entitled to exercise under the constitution and the laws of the United States; and the accession of mere corporate facilities, as a matter of convenience in carrying on their business, cannot have the effect

of depriving them of such a right, unless Congress should see fit to interpose some contrary regulations on the subject:" BRADLEY, J., in Crutcher v. Kentucky, 141 U. S. 47.

Notwithstanding the earnest and able argument of appellant's counsel, we are of opinion that the court committed no error in holding that the contract was valid and that action could be maintained thereon in the courts of this state.

The assignments of error are overruled and the judgment is affirmed.