## Foster, Appellant, v. Curtis.

*Negligence—Automobiles—Evidence—Speed—Signals—Trial by court without a jury—Municipal Court of Philadelphia.*

In an automobile accident case tried by the Municipal Court of Philadelphia without a jury, a general finding in defendant's favor is conclusive on appeal where the plaintiff's case is based wholly upon the plaintiff's oral testimony, and she testifies that before crossing a street midway between two intersecting streets (not at a regular crossing) she stopped, looked and listened, and did not see any vehicle approaching; that when she was about to step to the curb on the opposite side, the defendant's automobile struck her, knocked her to the ground, and dragged her twenty or twenty-five feet, and that she did not see the automobile before it struck her; but she does not testify as to whether she looked again after starting to cross, nor as to the speed of the car, nor as to whether the car gave any warning of its approach.

Submitted Nov. 24, 1915. Appeal, No. 125, Oct. T., 1915, by plaintiff, from judgment of Municipal Court, Philadelphia Co., Sept. T., 1914, No. 329, for defendant

Assignment of Error—Opinion of the Court. [63 Pa. Superior Ct.

on case tried by the court without a jury in suit of Elizabeth Foster v. Cyrus H. K. Curtis. Before Rice, P. J., Orlady, Head, Porter, Henderson, Kephart and Trexler, JJ. Affirmed.

Trespass to recover damages for personal injuries. Cassidy, J., tried the case without a jury and found a verdict for defendant.

*Error assigned* was in finding for defendant.

*Henry J. Scott,* for appellant, cited: Diamond v. Cowles, 174 Fed. 571; Dugan v. Lyon, 41 Pa. Superior Ct. 52.

*Thos. Raeburn White,* for appellee, cited: Stahl v. Sollenberger, 246 Pa. 525; Landy v. Hamilton, 221 Pa. 50; Baker v. Fehr, 97 Pa. 70; Philadelphia & Reading R. R. Co. v. Heil, 5. W. N. C. 91.

Per Curiam, July 18, 1916:

This case was tried by the court without a jury. No points, or requests for special findings of fact, were presented by the plaintiff, and after the conclusion of the evidence the court entered a general finding in favor of the defendant upon which it entered judgment. As to the trial of cases without a jury by the Municipal Court of Philadelphia, and as to the functions of an appeal in such cases, it is sufficient to refer to Philadelphia & Gulf Co. v. Clark, 59 Pa. Superior Ct. 415; Philadelphia & Gulf Co. v. Soeffing, 59 Pa. Superior Ct. 429.

The plaintiff's case, so far as the main issue was concerned, depended wholly on her own oral testimony to the effect, that before crossing from the east to the west side of 15th street, about midway between Market and Filbert streets (not at a regular crossing) she stopped, looked and listened and did not see any vehicle approaching; that when she was about to step to the curb on the

opposite side the defendant's automobile struck her, knocked her to the ground and dragged her 20 or 25 feet; and that she did not see the automobile before it struck her. Whether she again looked to the right or the left after starting to cross, does not appear; she said nothing on the subject. The negligence alleged in her statement of claim was that the defendant failed "to have the said automobile under such control that it could be brought to a stop within a reasonable distance and time" and failed "to give proper signals and warning of its approach," but she gave no direct testimony as to either of these allegations. No conclusive legal presumption of the alleged negligence arose from the facts testified to by her. The utmost that can be claimed is that it might be inferred as a fact. Even this is doubtful. But let it be granted for the purposes of the case that the inference might be drawn, the evidence was not so full and clear as to exclude all other rational inferences, and therefore the court cannot be convicted of error of law in not drawing it. Bearing in mind that the burden was on the plaintiff to prove, not only the collision, but the negligence alleged in her statement of claim; that her case depended wholly on her own oral testimony and the inferences to be drawn from the ascertained facts; and that the court in such a trial exercises the function of a jury and its general finding in the defendant's favor is as conclusive on appeal of all questions of fact involved in the issue as a verdict would have been if there had been a jury trial, it is apparent that the plaintiff's single assignment of error must be overruled.

The judgment is affirmed.