## Katharine Water Company.

*Water companies—Condemnation—Appeals—Certiorari.*

While no appeal lies from an order refusing to approve the bond of a water company, such proceedings may be reviewed by certiorari. If the proceedings are regular in form the order of the lower court must be sustained.

Where one water company tenders a bond in proceedings to condemn the lands of another water company, and it does not appear in the bond itself, or in the petition for its approval, or otherwise in the record, that the company has no right in law to appropriate the land and waters described therein, and the court without passing upon the question of the sufficiency of the bond, dismisses the proceedings, the order will be reversed, and the case remitted to the court below in order that it may pass upon the sufficiency of the bond.

Argued May 7, 1906. Appeal, No. 130, April T., 1906, by the Katharine Water Company, from order of C. P. Cambria Co., June T., 1904, No. 558, dismissing condemnation proceedings in the matter of condemnation by Katharine Water Company of land and water of Spangler Water Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Reversed.

Exceptions to bond in condemnation proceedings.
The facts appear by the opinion of the Superior Court.

*Error assigned* was the order dismissing the proceedings.

*John E. Evans,* of *Evans & Evans,* with him *Hannis, Williams & Bunting* and *F. J. Hartman,* for appellants.—The decree of a court approving a bond filed in condemnation proceedings is interlocutory in its nature, and from it no appeal lies : Slocum's Appeals, 12 W. N. C. 84 ; Getz v. P. & R. R. R. Co., 1 Walker, 427 ; Market Co. v. Railroad Co., 142 Pa. 580 ; McManus's Appeal, 5 Pa. Superior Ct. 65 ; Myers v. D., L. & W. R. R. Co., 2 Del. County Rep. 384.

Ownership of riparian land does not include ownership of the water which flows over or passes it : Lord v. Meadville Water Co., 135 Pa. 122 ; Irving v. Media Borough, 10 Pa. Superior Ct. 132.

The making of an appropriation under the right of eminent domain, so as to give title to one corporation against another, involves some corporate action on the part of the company making the appropriation: Williamsport, etc., R. R. Co. v. Railroad Co., 141 Pa. 407; Johnston et al. v. Callery, 173 Pa. 129; Lord v. Meadville Water Co., 135 Pa. 122; P. & R. R. R. Co. v. Pottsville Water Co., 182 Pa. 418; Philipsburg Water Co. v. Citizens' Water Co., 189 Pa. 23; Haupt's Appeal, 125 Pa. 211; Com. v. Yost, 197 Pa. 171; Standard Plate Glass Co. v. Butler Water Co., 5 Pa. Superior Ct. 563.

A water company organized under the act of 1874, and its supplements, has the right to appropriate and condemn the property of another corporation: Natural Gas Co. v. Butler Water Co., 210 Pa. 177.

*Thomas H. Murray*, with him *M. F. Kittell, Hazard Alex. Murray* and *James P. O'Laughlin*, for appellee.—The court was not bound to approve the bond, without the inquiry raised by the second exception: Penna. R. R. Co.'s Appeal, 93 Pa. 150; Appeal of Pittsburg Junction R. R. Co., 122 Pa. 511; Sharon Ry. Co's. Appeal, 122 Pa. 533; Twelfth St. Market Co. v. R. R. Co., 142 Pa. 580; Pittsburg Junction R. R. Co. v. Allegheny Valley R. R. Co., 146 Pa. 297; Scranton Gas & Water Co. v. Coal & Iron Co., 192 Pa. 80; Independent Natural Gas Co. v. Water Co., 210 Pa. 177.

OPINION BY RICE, P. J., November 12, 1906:

The Katharine Water Company, incorporated under the act of 1874 and its supplements, for the supply of water to the public in a certain district, claims to have appropriated to its use, in the exercise of the right of eminent domain, the waters of certain streams, rivulets and creeks flowing through the lands of the Spangler Water Company, and the streams in and upon said lands, together with the lands "along and through which the said streams flow immediately connecting thereto," and also "all the water and water rights on the lands of L. J. Bearer, as conveyed to the said Spangler Water Company by deed dated June 19, 1901." Alleging by affidavit that it had failed to agree with the Spangler Water Company upon the compensation to be received by it for the damages done, or

likely to be done or sustained, by reason of the appropriation, and that the Spangler Water Company declined to accept the bond .when duly tendered, the Katharine Water Company, after due notice, presented to the common pleas its bond with sureties, in the penal sum of $100, conditioned for the payment of such damages as the Spangler Water Company " shall be entitled to receive in consequence of the appropriation of the said streams of water, and the necessary land adjoining the same, . . . . whether it exceeds the amount of the penalty or not." The Spangler Water Company excepted to the bond upon two grounds : first, that it was insufficient in amount; second, that the Katharine Water Company had no right in law to appropriate the stream in question, as the Spangler Water Company is a corporation of public nature, supplying water to the borough of Springdale therefrom, and from other streams in the vicinity. Depositions were taken on both sides, and upon the evidence thus submitted, and consideration of the questions of fact and law arising thereon, the court in an opinion filed sustained the latter exception, and dismissed the proceedings without passing upon the other exception as to the sufficiency of the bond.

The conclusion of the learned judge that it was unnecessary to pass upon the question of the sufficiency of the bond was warranted, provided he had jurisdiction to determine the questions in this proceeding raised by the other exception. This is the first matter to be considered; the question is distinctly raised by the appellee's counsel and must be passed on.

The statute gives no right of appeal from an order refusing to approve such bond of a water company, and dismissing the proceedings. But the modes of reviewing cases by writ of error, by appeal, and by writ of certiorari, which were in use prior to the Act of May 9, 1889, P. L. 158, still remain applicable in the same kinds of cases, within the same limits, and with the same effect as before, the only difference being that now they are all called by the same name : Rand v. King, 134 Pa. 641. The general rule was, that where a new jurisdiction was created by a statute, and the court or judge exercising it proceeded by summary method, or in a new course different from the common law, the mode of review was not by writ of error, but by certiorari: Ruhlman v. Commonwealth, 5 Binney, 24.

The rule is still the same, and, in the absence of statutory provision otherwise, the right of review, and the jurisdiction of the appellate court in cases within the rule, as this case is, are subject to all the restrictions which applied thereto before the name of the appellate proceeding was changed from certiorari to appeal. In such cases the appellate court cannot review the findings of fact, or the merits; so that, granting the jurisdiction of the court below in this proceeding to determine the questions of fact arising upon the evidence adduced in support of the second exception, and the questions of law arising upon its findings of fact, the order must be regarded as final and not reviewable upon appeal—the proceedings being regular in form. The statute relating to the exercise of the right of eminent domain by water companies provides that if the bond be not accepted as tendered " the said corporation shall then give the party written notice of the time when the same will be presented for filing in court, and thereafter the said corporation may present said bond to the court of common pleas . ... . and, if approved, the bond shall be filed in said court for the benefit of those interested." This is the limit of the court's jurisdiction; there is no suggestion, certainly no clear implication, of a duty on the part of the court to approve or disapprove the proposed condemnation, or to adjudicate the legality thereof, where the determination of that question depends upon extrinsic evidence. The fact that no mode is provided for bringing the evidence or the court's findings of fact and conclusions of law upon the record, so that the latter may be reviewed, gives force to the argument that the adjudication of that important question, upon an application for the mere approval of the bond, was not contemplated by the legislature. And this view is in harmony with decisions in analogous cases. In the report of the case of Getz v. Philadelphia & Reading R. R. Co., 1 Walker, 427, it appears, that the plaintiff filed a bill in equity to restrain the company upon the ground that it had not the right under its charter to appropriate his land. The court dissolved the injunction upon the company's filing a bond for plaintiff's damages, and subsequently approved the bond. The plaintiff then took certiorari, and in the Supreme Court complained of the action of the court below in entertaining jurisdiction of the application to approve the bond, and in approv-

ing it. In an opinion quashing the writ the Supreme Court said: "The approval of the bond is not a subject of review in this court. The question whether the railroad company had authority to enter upon the land of Hiram L. Getz & Co. to make the branch cannot be decided on this certiorari. If the company had the right, the bond was an essential prerequisite to the exercise of it. The approval of the bond settled nothing as to the right. It decided merely the question of the sufficiency of the sureties, and the amount of the bond. These other matters are not before us." In Slocum's Appeals, 12 W. N. C. 84, the landowner excepted to the approval of the bond upon the ground that the taking of his land was not for a public purpose, and depositions were taken upon the exceptions. The appeal from the order approving the bond was quashed for the reason that, we quote from the opinion of the Supreme Court, "no appeal is given to this court, the order is interlocutory only, and not the subject of review. It is not conclusive as to the right of the railroad company to enter upon the appellant's land." In Twelfth Street Market Co. v. Philadelphia & Reading Terminal Railroad Company, 142 Pa. 580, the court cited the two foregoing cases as authority for the ruling that from the decision of the court below that the bond was adequate in amount, and the sureties sufficient, there was no appeal. We also followed these decisions in McManus's Appeal, 5 Pa. Superior Ct. 65, where the appeal was taken after the court had approved the bond, and appointed viewers in a turnpike case, but before the viewers had reported. We are not to be understood as holding that the court is bound to approve the bond of a water company even though it is regular in form, sufficient in amount, and the sureties are satisfactory, where it appears upon the face of the bond, or in the petition for its approval that the company has no right in law to appropriate the land or waters described therein. Philadelphia, Morton & Swarthmore Street Railway Co.'s Petition, 203 Pa. 354, was a case similar in principle to the one last suggested. The court did not have to go outside of the record proper in order to determine that the condemnation proposed was not authorized. It is argued that this is such a case, but in that conclusion we cannot concur. It is true, it appears by the bond itself, that the streams and land proposed to be taken are owned by a wa-

ter company, but that alone does not necessarily compel the
conclusion that they were not subject to appropriation by the
appellant; nor, on the other hand, does the fact that the Span-
gler Water Company acquired them by grant, instead of
condemnation, compel the conclusion that they were subject to
such appropriation. The consequence of holding that the mere
ownership of land or water by a water company renders them
immune from appropriation by another company tends strongly
to show the fallacy of the proposition. Other facts are to be
considered in the determination of that question besides the
mere fact of ownership, on the one hand, and the mere mode
in which it was acquired on the other hand. We, however, do
not intend to go into a discussion of that question; we are not
to be understood as intimating that the conclusion of the
learned judge below that the lands and waters proposed to be
appropriated were not subject to condemnation was not war-
ranted by the evidence before him, and the facts which he
found therefrom. The point is, that the determination of the
question depended upon testimony outside the record, and for
that reason we are of opinion that the proceeding was not the
appropriate one therefor. The foregoing conclusion is not in
conflict with the cases cited by the appellee's counsel in support
of the proposition, that "in a case proper for the exercise of
the right of eminent domain," the effect of the approval of the
bond is to vest in the company tendering the bond the title to
the easement and remit his adversary to an action on the bond.
The distinction between such a case, that is, where the company
has the power of eminent domain and the property is subject
to appropriation by the company for the proposed use, and a
case where the question is whether, under the special facts,
the right of appropriation exists, is pointed out in Semple v.
Cleveland and Pittsburg R. R. Co., 172 Pa. 369.

It appears with sufficient certainty without reviewing the
evidence, that the order dismissing the proceedings was not
based upon a determination of the insufficiency of the bond,
and that that question was not passed upon by the court. As
shown in the late case of Independence Party Nomination,
208 Pa. 108, we have the jurisdiction to determine from the
whole record whether the court below kept within the limits
of its jurisdiction; and if its action in dismissing such a pro-

ceeding as this was based exclusively on its adjudication of a question which it was not within its powers to adjudicate in that proceeding, it is our duty to send the cause back to be proceeded with according to law. See also Knoblauch's License, 28 Pa. Superior Ct. 323. We conclude from an inspection of the record before us and application thereto of the principles above suggested, that the cause must be remitted to the court below in order that it may pass upon the question raised by the exception to the sufficiency of the bond.

The order dismissing the proceedings is reversed and set aside, and the record remitted with a procedendo.