Commonwealth, Appellant, *v.* Fisher.

Argued March 19, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ. (WATKINS, J., absent).

*Marvin Garfinkel,* Deputy Attorney General, with him *Thomas D. McBride, Attorney General,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY RHODES, P. J., June 11, 1957:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Schuylkill County sustaining an appeal by appellee, Kenneth Fisher, from an order of the Secretary of Revenue whereby the motor vehicle operator's license of appellee was suspended for three months for reckless driving. The action of the Secretary of Revenue was reversed because, as the court held, appellee did not operate his automobile at the time and place charged in a reckless manner.

The facts are admitted.

Appellee was involved in an accident about 1:30 on the morning of June 5, 1955, while driving his automobile on Route 122 in North Manheim Township, Schuylkill County. It left the highway and, after knocking down several guard posts and guard rails, went over a bank traveling approximately one hundred feet to the ground below. From the time the automobile left the highway until it came to a stop it traveled four hundred forty-five feet. Before the accident appellee had consumed ten or twelve glasses of beer at a club. Appellee fell asleep while driving the automobile and

did not awake until the automobile came to rest at the foot of the embankment.

The recited facts fail to afford a justifiable factual basis for the order of the court below. See *Bureau of Highway Safety v. Wright,* 355 Pa. 307, 311, 49 A. 2d 783. The order will be reversed.

The present appeal comes before this Court under the 1956 amendment (Act of May 29, 1956, P. L. (1955) 1850, §1) to section 616 of "The Vehicle Code" of May 1, 1929, P. L. 905, 75 PS §193. This section as amended provides:

"Any person, whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides, other than Allegheny County, and in Allegheny County, in the county court of Allegheny County. Such courts are hereby vested with jurisdiction, and it shall be their duty, to set the matter down for hearing upon thirty (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license or learner's permit, or whether he may be deprived of the privilege of applying for an operator's license or learner's permit by the secretary under the provisions of this act. The jurisdiction of the county court of Allegheny County conferred hereby shall be exclusive within the territorial limits of its jurisdiction.

"*Any party aggrieved by a decision of a court of common pleas or of the county court of Allegheny County shall have a right of appeal to the Superior*

*Court: Provided, however, That nothing contained herein shall affect the disposition of any matter pending before the Supreme Court at the time of the enactment of this amendment."* We have italicized the 1956 amendment.

The power and the duty of a court of common pleas or of the County Court of Allegheny County on appeal from a suspension of an operator's license by the Secretary of Revenue under this section of the Code have been stated by our Supreme Court in numerous decisions. The lower court hears the case de novo, but, while it may act independently in the exercise of its discretion, it must nevertheless act in accordance with the evidence and the circumstances presented. *Com. v. Moogerman,* 385 Pa. 256, 262, 122 A. 2d 804.

In *Com. v. Strobel,* 375 Pa. 292, 294, 100 A. 2d 43, 44, our Supreme Court, in an opinion by Mr. Justice JONES, now Chief Justice, said: "After the appeal has been heard *de novo,* it is the duty of the hearing judge to make findings of fact from the testimony whereon he may reasonably base his ultimate conclusion as to whether the suspension of the operator's license was warranted."

The power conferred by The Vehicle Code upon the Secretary of Revenue to suspend operating privileges is an administrative function comparable to that exercised by the Pennsylvania Public Utility Commission, the Workmen's Compensation Board, and other administrative agencies. *Com. v. Emerick,* 373 Pa. 388, 392, 96 A. 2d 370.

It is to be noted that, prior to the 1956 amendment to section 616 of the Code, the statute contained no express right of appeal from the decision of the lower court. The Supreme Court, as to the scope of appellate review, said in *Com. v. Emerick,* supra, 373 Pa. 388, 398, 96 A. 2d 370, 375: " '. . . while an appeal to

the common pleas court is expressly authorized by Section 616 of The Vehicle Code, the statute is silent with respect to the right of the licensee to appeal from the order there made. However, it is well settled that where the right of appeal is not provided by statute, but is not prohibited, it is our duty to examine the testimony to determine whether the findings of the court below are supported by competent evidence, and to correct any conclusions of law erroneously made.' " Such proceedings did not come before the Supreme Court by appeal but on certiorari in its broadest sense. *Com. v. Strobel,* supra, 375 Pa. 292, 294, 100 A. 2d 44; *Kaufman Construction Company v. Holcomb,* 357 Pa. 514, 517, 55 A. 2d 534.

These are statutory proceedings and the Act now provides for "a right of appeal to the Superior Court." Although all appellate proceedings are now called an appeal by the Act of May 9, 1889, P. L. 158, §1, 12 PS §1131, this did not change the existing right of review, its extent in cases already provided for, or modify in any manner its exercise; dissimilar proceedings were merely called by the same name. *Rand v. King,* 134 Pa. 641, 646, 19 A. 806; *Revocation of Mark's License,* 115 Pa. Superior Ct. 256, 263, 176 A. 254. "At the present time, in our law, the word 'appeal' has no conclusive meaning, for, since the Act of May 9, 1889, P. L. 158, a writ of error and a certiorari, as well as an appeal proper, are all designated 'appeals' . . .; therefore, it is necessary in each instance to look at the particular act of assembly giving the right of appeal to determine just what powers are to be exercised by the appellate court." *In The Matter of The Franklin Film Manufacturing Corporation,* 253 Pa. 422, 426, 98 A. 623, 624. See *McCauley v. Imperial Woolen Company,* 261 Pa. 312, 320, 104 A. 617. The Legislature, by the Amendatory Act of 1956, did not indicate a change in the scope

of appellate review as previously exercised by the Supreme Court; the Legislature is presumed to have known the nature and extent of such review. The Act merely designated the Superior Court as the appellate tribunal for such purpose. It follows that the scope of our review is the same as heretofore in the Supreme Court. See *Com. v. Emerick*, supra, 373 Pa. 388, 398, 96 A. 2d 370; *Katharine Water Company*, 32 Pa. Superior Ct. 94, 96; *Reed v. Reed*, 30 Pa. Superior Ct. 229, 232.

The offense of reckless driving for which appellee's operating privileges were suspended by the Secretary of Revenue is defined in section 1001 (a) of The Vehicle Code, as amended by the Act of August 24, 1951, P. L. 1368, §28, 75 PS §481, as follows: "Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following: (a) Any person who drives any vehicle or street car or trackless trolley omnibus upon a highway carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

Referring to this section as amended in 1951, we said in *Com. v. Forrey*, 172 Pa. Superior Ct. 65, 68, 92 A. 2d 233, 234: "Conduct charging a driver with reckless driving amounting to culpable negligence under the 1951 amendment, therefore, need not be wilful or wanton; to sustain the charge however, there must be evidence of negligent acts, amounting to a careless disregard of the rights or safety of others, the consequences of which could reasonably have been foreseen by the driver of the vehicle."

The appellee testified in the court below that he fell asleep and did not know what had happened until his automobile came to rest over the embankment after going through the guard rails. He also testified that he had had ten or twelve glasses of beer previous thereto. By his own admissions he was guilty of gross neg-

ligence and a careless disregard of the rights and safety of others. It is impossible to conceive how anyone operating a motor vehicle on a public highway while asleep, and thus incapacitated to drive, could be anything less than a menace to other users of the highway and guilty of reckless driving as defined by the Code.[1] In *Blood v. Adams*, 269 Mass. 480, 169 N. E. 412, 413, appears the following confirmatory statement: "In the exercise of ordinary care an operator of an automobile must be able to anticipate what is coming, to see what is present and to remember what is past. Voluntarily to drive an automobile on a public street at any time of day or night with eyes closed, or to yield to sleep while operating such kind of dangerous machine as is an automobile on a public highway, is to be guilty of a degree of negligence exceeding lack of ordinary care, and is a manifestation of recklessness . . ."

On the uncontradicted facts of this case there is no permissible conclusion other than that appellee drove his automobile on the highway in a reckless manner, carelessly disregarding the rights and safety of others. The action of the Secretary of Revenue was improperly reversed by the court below on a mistaken assumption. See *Bureau of Highway Safety v. Wright,* supra, 355 Pa. 307, 311, 49 A. 2d 783.

The order of the Court of Common Pleas of Schuylkill County is reversed, and the order of the Secretary of Revenue is reinstated. A reinstated suspension shall be issued within thirty days.

---

[1] See *Scott License,* 6 Pa. D. & C. 2d 235 (opinion by President Judge KNIGHT of the Court of Common Pleas of Montgomery County).