## Commonwealth, Appellant, *v.* Buchser.

Argued November 11, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Frederic G. Antoun,* Deputy Attorney General, with him *Thomas D. McBride,* Attorney General, for appellant.

*Thomas R. Neely* and *Scott, Neely & Dunn,* for appellee.

OPINION BY RHODES, P. J., January 21, 1958:

On February 24, 1956, Albert J. Buchser, the appellee, was apprehended by the Chief of Police of Salem Township, Westmoreland County, for driving his automobile on a public highway in that township at a speed of eighty-five miles per hour where the lawful limit was fifty miles per hour. Information was filed before a justice of the peace, and appellee was convicted of a violation of section 1002 (b) 6 of the Act of May 1, 1929, P. L. 905, Article X, as amended, 75 PS §501 (b) 6.

Upon receiving notice of these facts the Secretary of Revenue cited appellee for hearing, which was conducted by a representative of the Secretary on September 10, 1956. The Secretary of Revenue suspended for the violation appellee's motor vehicle operator's license for a period of thirty days under section 615 of the Act of May 1, 1929, P. L. 905, Article VI, as amended, 75 PS §192.

Thereupon appellee appealed to the County Court of Allegheny County which, after a hearing de novo, sustained appellee's appeal. From that order the Commonwealth has appealed to this Court.

The material facts are not controverted. It was established that appellee was driving his automobile on a public highway at a speed of eighty-five miles per hour where the lawful limit was fifty miles per hour; that it was raining; that appellee passed other traffic at the excessive speed; that appellee had twenty-three

years experience as a licensed operator. The decision of the court below was based upon its finding that appellee's speedometer was defective in that it did not register more than forty-eight or forty-nine miles per hour due to a mechanical defect.

Under the amendment of 1956 to section 616 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §193, our scope of review in this type of appeal is the same as heretofore in the Supreme Court. *Com. v. Fisher,* 184 Pa. Superior Ct. 75, 81, 132 A. 2d 739.

In *Bureau of Highway Safety v. Wright,* 355 Pa. 307, 311, 49 A. 2d 783, 785, our Supreme Court said: "The jurisdiction conferred by Sec. 616 of the Vehicle Code upon courts of common pleas [and the County Court] does not authorize them to act either arbitrarily or capriciously with respect to the reinstatement of a suspended license. There must be a justifiable factual basis for the court's action in the premises."

In the order of the court below we find no justifiable factual basis for sustaining the appeal of appellee. The hearing was de novo, and the court made no finding that the offense with which appellee was charged and convicted had not been committed. As said in *Com. v. Emerick,* 373 Pa. 388, 396, 96 A. 2d 370, 374: ". . . on a hearing *de novo,* on appeal, the court of common pleas [and the County Court], while entitled to act independently in the exercise of its discretion, must, nevertheless, act in accordance with the evidence and circumstances presented."

Appellee testified in the court below that he thought he was going forty-eight or forty-nine miles per hour as his speedometer did not register over fifty miles per hour. Such testimony afforded no basis for the court to reverse the suspension. Cf. *Com. v. Fisher,* supra, 184 Pa. Superior Ct. 75, 132 A. 2d 739. An applicable pronouncement is found in *Com. v. Moogerman,* 385 Pa.

256, 263, 122 A. 2d 804, 808: "But a court may not, as in the case at bar, ignore evidence, slight the law, and release with but a slight reproof a motorist who says that, although she was driving 85 miles per hour: 'I didn't realize I was going that fast and it is very hard to adjust the car.' " It would be very difficult to conclude that appellee, who had been driving for twenty-three years and who drove approximately twenty thousand miles per year, was unable to judge speed within reasonable limits notwithstanding a defective speedometer.

We agree with the Commonwealth that the decision of the court below would permit "a motorist to adjust or set his speedometer so that it fails to record speeds in excess of lawful limits, and thereby prevent the Secretary of Revenue, upon a hearing, from suspending his operating privileges."

The order of the County Court of Allegheny County is reversed, and the order of the Secretary of Revenue is reinstated. A reinstated suspension shall be issued within thirty days.