## Commonwealth v. Hartman

*Donald A. Lewis,* for appellant.
*Hervey B. Smith,* for Commonwealth.

KREISHER, P. J., March 7, 1958.—On the hearing of this appeal, the following facts were developed:

1. On August 30, 1957, appellant lived near the Borough of Montgomery, Northumberland County, along Township Route No. 409.

2. On said date sometime between 5 and 6 p.m., appellant left his home alone in his pickup truck driving toward town on said township route.

3. After traveling about three-fourths of a mile, while appellant was attempting to retrieve a flashlight that had fallen to the floor, the truck veered off the straight highway and traveled through a field a distance of 35 feet where it crashed into a lone pine tree.

4. Appellant left the truck against the tree, returned to his home on foot and, after drinking some wine, went to bed.

5. An investigating State police officer some two hours later, after considerable difficulty, aroused appellant who appeared to be in an intoxicated condition.

6. Said officer charged appellant with reckless driving and sometime thereafter, appellant paid the fine and costs without a hearing.

7. Appellant presently resides in the Town of Bloomsburg, this county, where he is employed as a television cable repairman.

8. The Secretary of Revenue, Bureau of Highway Safety, has suspended appellant's automobile operating privileges for a period of 30 days for reckless driving.

9. The said suspension will result in some inconvenience to appellant.

## Discussion

Appellant frankly admits that he was endeavoring to pick up a flashlight from the floor of his truck while driving along the highway, and while having his head below the dashboard, the truck left the highway crashing into a tree.

That he was negligent is obvious and the only question is whether this constituted simple negligence or whether it was more than simple negligence and can properly be termed reckless driving.

The Vehicle Code of May 1, 1929, P. L. 905, art. X, sec. 1001, as last amended by the Act of August 24, 1951, P. L. 1368, sec. 28, 75 PS §481, redefines reckless driving by eliminating therefrom the terms, "willful and wanton conduct", in the operation of a vehicle as an essential element of the offense.

The present act provides:

"Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following:

"(a) Any person who drives any vehicle . . . upon a highway carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

In the case of Commonwealth v. Forrey, 172 Pa. Superior Ct. 65, 67, it is stated:

"What was contemplated in the language 'carelessly disregarding the rights or safety of others or in a manner so as to endanger any person or property' was

to set the minimal requisite of the statutory offense of reckless driving at less than willful and wanton conduct on the one hand and, on the other, something more than ordinary negligence or the mere absence of care under the circumstances."

The Act of May 29, 1956, P. L. 1850, sec. 1, amended The Vehicle Code of May 1, 1929, P. L. 905, sec. 616, 75 PS §193, by now permitting an appeal from the court of common pleas to the Superior Court of Pennsylvania on a case of this nature and we are now in a position to have the benefit of an appellate decision covering the exact question presently before the court.

In the case of Commonwealth v. Fisher, 184 Pa. Superior Ct. 75, in an opinion by Rhodes, P. J., it was held to be reckless driving justifying suspension of an operator's privileges where the operator fell asleep at the wheel. On pages 81 and 82 of the opinion it is stated:

"The appellee testified in the court below that he fell asleep and did not know what had happened until his automobile came to rest over the embankment after going through the guard rails. He also testified that he had had ten or twelve glasses of beer previous thereto. By his own admissions he was guilty of gross negligence and a careless disregard of the rights and safety of others. It is impossible to conceive how anyone operating a motor vehicle on a public highway while asleep, and thus incapacitated to drive, could be anything less than a menace to other users of the highway and guilty of reckless driving as defined by the Code. . . .

"On the uncontradicted facts of this case there is no permissible conclusion other than that appellee drove his automobile on the highway in a reckless manner, carelessly disregarding the rights and safety of others. The action of the Secretary of Revenue was improperly reversed by the court below on a mistaken

assumption. See Bureau of Highway Safety v. Wright, 355 Pa. 307.''

Applying the foregoing to the uncontradicted facts in the case at bar, it would seem to follow that appellant was likewise driving his automobile upon the highway in a reckless manner, carelessly disregarding the rights and safety of others, when he took his eyes from the road ahead and reached to the floor of the car to retrieve a flashlight while proceeding at an indeterminate speed, but which must have been considerable, taking into consideration the distance he traveled after leaving the highway and the damage to his car when it hit the tree.

Conduct of this nature is certainly not being vigilant, as contemplated by The Vehicle Code of an automobile operator. Nor does the fact that appellant might suffer some inconvenience justify the court in sustaining this appeal.

In the first place, the right of the Secretary of Revenue to suspend an operator's license is based upon statute and permissible where it appears the operator violated a provision of The Vehicle Code and the economic status of appellant is irrelevant to the action taken by the Secretary.

Here appellant paid his fine and costs for reckless driving without argument, and it follows the Secretary had just reason to assume appellant operated his motor vehicle in a reckless manner.

Furthermore, from personal observation, the court has noted that the television cable repairmen usually work in pairs so we see no reason why this appellant could not continue his usual occupation simply by having another repairman operate the truck while proceeding to and returning from the place of employment.

It is the court's opinion that appellant in this case, if it was necessary to retrieve his flashlight, should

have pulled to the side of the road and stopped his automobile rather than endangering other users of the highway by attempting the course of conduct he admits.

Therefore, without further discussion, the court, under the admitted facts in this case and the law as we understand it, has no choice in the matter, and therefore, must enter the following

*Order*

And now, to wit, March 7, 1958, the appeal of Jairus C. Hartman, appellant, is dismissed; the decision of the Secretary of Revenue is affirmed and the operating privilege of Jairus C. Hartman is suspended for a period of 30 days from March 15, 1958. And it is further ordered and decreed that appellant shall pay the costs of these proceedings.