## Rohe License

680

*Clinton R. Weidner* and *Wm. S. Livengood,* for appellant.

*Kenneth W. Hess,* for Commonwealth.

SHUGHART, P. J., March 21, 1961.—From the testimony offered at the hearing on the above appeal on March 3, 1961, we make the following findings of fact:

. . .

2. That on March 27, 1960, at about 3:30 a.m., appellant was operating a 1960 Ford Sedan on route 209 west of the Borough of Stroudsburg when the said vehicle collided with a bridge abutment at the side of the road, the vehicle coming to rest partly on the road and partly off the road on the berm. . . .

5. That officers of the Pennsylvania State Police from the Stroudsburg Barracks examined the scene of the accident and some time on the morning of March 27, 1960, between the hours of 10 and 11 a.m., appellant was interviewed by Corporal Edward T. Beneski, of the Pennsylvania State Police.

6. That at the interview, appellant stated to the officer that he was returning to his home in Stroudsburg from Emmaus, traveling at about 35 to 40 miles per hour, that the next thing he recalled he was pinned behind the wheel of his car where he remained for about half an hour. When he got free, he went to the diner from whence he was taken by ambulance to the hospital. Specifically, appellant said: "I don't know what happened. I must have fallen asleep."

7. That appellant was charged before a justice of the peace with the offense of reckless driving, on which

charge a fine and costs totaling $15 was paid by a check signed by appellant's wife.

## Discussion

Courts generally hold that falling asleep while driving is sufficient to support a conviction of involuntary manslaughter: Commonwealth v. Page, 65 D. & C. 424; Commonwealth v. Stankovic, 54 Lanc. 121. Our courts likewise have held that falling asleep while driving constitutes reckless driving for which a suspension of license will be sustained: Commonwealth v. Fisher, 184 Pa. Superior Ct. 75; Scott License, 6 D. & C. 2d 235.

In the instant case, we feel, however, that the evidence is insufficient to support a finding that appellant did in fact have an accident because he fell asleep. When interviewed by the police officer on the day after the accident, he indicated that he had amnesia and did not know what had happened. His testimony at the time of the hearing on the appeal was to the effect that he remembered nothing from 10:30 p.m. until he recovered consciousness after the accident at about 3:30 a.m. His statement, "I must have fallen asleep," under these circumstances constitutes nothing more than an attempt on his part to arrive at an explanation for the happening of an accident which was otherwise unexplained.

The record in this case consists of nothing more than the fact that an accident happened and that the victim of the accident tried to be helpful by offering a possible explanation. This testimony, in our opinion, is insufficient to support a conviction for reckless driving and likewise will not support a suspension of his operating privileges.

On examination of the decisions cited above, all clearly indicate additional evidence to support the finding that the driver had fallen asleep. In two of the cases, there was evidence in the record that the driver

682

had been drinking prior to the accident: Commonwealth v. Fisher, supra; Commonwealth v. Page, supra; Scott License, supra. In the Page and in the Stankovic cases, supra, there was evidence to show that the driver had been without sleep for considerably more that the customary waking period. No such evidence appears in this record.

*Order of Court*

And now, March 21, 1961 at 4 p.m., for the reasons given, the appeal of August E. Rohe from the suspension of his operator's privileges is sustained and the action of the Secretary of Revenue in suspending appellant's privileges is reversed. Costs to be paid by appellant.