## Hall Motor Vehicle Operator License Case.

Argued September 18, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before GRIFFITHS, J.

*Elmer T. Bolla,* Deputy Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellant.

*Mitchell S. Lipschutz,* for appellee.

OPINION BY WOODSIDE, J., November 16, 1961:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas No. 1 of Philadelphia County restoring the appellee's motor vehicle operator's license after it had been suspended for one month by the Secretary of Revenue.[1]

At the hearing before the court below, the Commonwealth introduced into evidence a notice received by the Pennsylvania Secretary of Revenue from officials of New Jersey which set forth that Daniel Hall (the appellee in this Court and the appellant in the court below) was convicted in New Jersey of speeding at 62 miles per hour in a 50 miles per hour speed zone. Radar was used to detect the speed. Hall admitted the conviction, and testified, "To safely pass the car in front of me, I speeded up. I wasn't going 62 miles an hour unless my speedometer was wrong, and I doubt that because it was a new car at that time." The hearing judge was "satisfied, from the credible testimony heard, that the appellant did not violate the laws of New Jersey[2] . . . and even if he did . . . it would not be

---

[1] For the right of the licensee to appeal to the court of common pleas and the right of the Commonwealth to appeal to this Court see §620 of The Vehicle Code of April 29, 1959, P. L. 58, 75 P.S. §620.

[2] See *Commonwealth v. Fisher,* 184 Pa. Superior Ct. 75, 79, 132 A. 2d 739 (1957) ; *Commonwealth v. Moogerman,* 385 Pa. 256, 262, 122 A. 2d 804 (1956) ; *Commonwealth v. Buchser,* 185 Pa. Superior Ct. 54, 57, 58, 138 A. 2d 191 (1958).

recognizable in Pennsylvania." From an order restoring Hall's license, the Commonwealth appealed to this Court.

Section 618(e) of The Vehicle Code of April 29, 1959, P. L. 58, 75 P.S. §618(e) provides: "(e) The secretary is hereby authorized after a hearing before the secretary or his representative . . . to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator."

The secretary received notice of the conviction of Hall in New Jersey of the offense of speeding therein which, when committed in this Commonwealth, is a ground for suspension of an operator's license. The evidence before the court below established the notice of the conviction. Hall admitted that he had been convicted in New Jersey for speeding in that State. The court below should have dismissed the appeal and sustained the order of suspension made by the secretary. *Witsch Motor Vehicle Operator License Case,* 194 Pa. Superior Ct. 384, 168 A. 2d 772 (1961); *Sheehy Motor Vehicle Operator License Case,* 196 Pa. Superior Ct. 122, 173 A. 2d 752 (1961); *Anen Motor Vehicle Operator License Case,* 194 Pa. Superior Ct. 379, 169 A. 2d 600 (1961).

The court below relied upon *Commonwealth v. Emerick,* 373 Pa. 388, 96 A. 2d 370 (1953) and *Commonwealth v. Wagner,* 364 Pa. 566, 73 A. 2d 676 (1950) as authority to permit it to determine whether or not Hall was guilty of the offense of which he was convicted in New Jersey. Both of these cases involved suspensions under sub-section (b)2 of §615 of The Vehicle Code of May 1, 1929, P. L. 905, which as last amended prior to the time of those two cases, provided

as follows: "The secretary may suspend the operator's license . . . whenever the secretary *finds upon sufficient evidence*: . . . (2) That such person has *committed any violation* of the motor vehicle or tractor laws of this Commonwealth;"[3] (Emphasis supplied).

The secretary could suspend under this provision only when he found upon sufficient evidence that the operator violated certain laws. The issue before the secretary was whether the operator *committed a violation,* and, of course, at a de novo hearing before the common pleas court the issue remained the same— "Did the operator violate the law?" Whether the operator had been convicted or not was immaterial. *Upsey v. Secretary of Revenue,* 193 Pa. Superior Ct. 466, 165 A. 2d 267 (1960), allocatur refused, 193 Pa. Superior Ct. XXV. But the issue under sub-section (e) of §618, supra, with which we are here concerned, is not whether the operator *committed* an offense but whether he was *convicted. Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 385, 162 A. 2d 251 (1960). If the legislature had intended the issue to be the same for violations within and without the Commonwealth, it could have easily made clause 2 of sub-section (b) applicable to out of State violations. Instead, it set forth in a separate sub-section under different language an entirely different test for the suspension of Pennsylvania licensees charged with out of State violations.

The issue before the secretary, and the issue before the court below on a de novo hearing, was not whether Hall "committed a violation" but whether he was "convicted" in New Jersey on an offense which, if com-

---

[3] The words "or tractor" were added in 1951. The corresponding provision in the current vehicle code is §618(b) 2, 75 P.S. §618(b) 2, the language of which is substantially the same, clause 2 being "That such person has committed any violation of the laws of this Commonwealth relating to vehicles or tractors; . . ."

mitted in this Commonwealth, would be grounds for suspension. The notice from New Jersey shows that he was convicted in that State of speeding, which is ground for suspension in Pennsylvania. Hall admits the conviction. Under this evidence, the court should have dismissed the appeal.

Order of the court below is reversed, and the order of the Secretary of Revenue is reinstated. A reinstated suspension shall be issued within 30 days.