## Harris License

*George E. Orwig, 2nd,* for appellant.

*Thomas Wood,* for Secretary of Revenue.

WILLIAMS, P. J., November 1, 1962.—The driving privileges of Robert J. Harris have been suspended by the Department of Revenue. From this suspension he has appealed to this court. The only testimony that the Commonwealth offered was two white slips of paper from the State of Delaware indicating that Harris was convicted of speeding and paid a fine of costs and $35 in a Delaware magistrates court.

Harris complains that he was not guilty. He testified that he stopped at a red light, that he was approached by a policeman who in a familiar tone called him Bob, and then was taken before a police magistrate. He testified that the policeman refused to let him deny that he was speeding and told him, "the judge is waiting for you." He further testified that this magistrate, who was a woman, threatened him with greater costs unless he immediately paid the fine. He testified that this is the reason he paid the fine at this time.

As we have ruled before in Commonwealth v. Weaver, 445 May term, 1961, there is no defense insofar as the merits of the speeding charge is concerned. The Superior Court of Pennsylvania has ruled in Witsch Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 384, and Hall Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 346, that upon receiving notice of the conviction in another State of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator, that the Secretary of Revenue is authorized after hearing to suspend the license. We will, therefore, have to find that Robert

John Harris was speeding. We are not holding, however, that he was going 75 miles an hour as alleged on this 60 mile an hour highway inasmuch as we do not see how this type of testimony can be introduced in this way. We are concluding, however, that the judgment of speeding is sufficient for the Secretary of Revenue to find that Harris was speeding in Delaware.

Although the Superior Court, with Judge Woodside writing the opinions, suggested that the court of common pleas has a duty to sustain the suspension imposed by the Secretary if there is a conviction of speeding, we are of the opinion that this suggestion in these various cases is merely dicta. In Witsch Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 384, the only question presented was the sufficiency of the evidence of the notice received by the Secretary of Revenue concerning the alleged violation by Witsch in the State of Delaware. In Hall Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 346, the only question was as to whether or not the lower court had the right to rule that appellant did not violate the laws in New Jersey. The Superior Court ruled in the negative. These were the questions in these two cases and these were the questions decided by the Superior Court.

In the instant case, we find that appellant was speeding. We also find, however, that he is a manufacturer's representative and travels many miles on the highway each year. He has testified that he has travelled 60,000 miles a year and has driven 35 years without an arrest for highway violations. We are of the opinion that his driving privileges should not have been suspended in this case.

### Order of Court

And now, November 1, 1962, it is ordered and decreed that the appeal be sustained. The Bureau of Motor Vehicles, Department of Revenue, is directed to reinstate the driving privileges of appellant.