## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Tony Guiffre Distributing Co., Inc., et al.

v.

Va. Alcoholic Beverage Control Commission

Case No. (Chancery) 15842

By JUDGE DONALD H. KENT

August 21, 1985

This matter came before the Court upon the defendant's demurrer to the plaintiffs' motion for a declaratory judgment. The plaintiff seeks to have the Court declare that Virginia Code § 4-79(a) does not prohibit wholesalers of alcoholic beverages from providing routine business entertainment of individuals licensed as retail licensees under the Virginia Alcoholic Beverage Control Act. The defendant contends that the plaintiff is seeking an advisory opinion and that the plaintiff has failed to exhaust his administrative remedies.

With regard to the defendant's contention that the plaintiffs have failed to exhaust their administrative remedies, the plaintiff position is simply that the law does not require a futile act. The Court finds that the plaintiff is correct in this position since the Commission has stated its position regarding the legality of routine business entertainment of retail licensees.

The Court further finds that the plaintiff is not seeking a determination of past facts, but rather is seeking to have the Court make a determination of the rights of the parties under a specific statute. Section 8.01-184 of the Code provides that controversies involving the interpretation of statutes are the proper subject for a declaratory judgment.

This case concerns an actual controversy involving an actual antagonistic assertion and alleged denial of right suitable for adjudication under the declaratory judgment statutes.

The demurrer is overruled.

March 17, 1986

Several beer wholesalers filed a petition for a declaratory judgment in which they ask the Court to determine whether the previous Section 4-79(a) of the Code prohibited them from entertaining their retail customers. The respondent, the Virginia Alcoholic Beverage Control Board, takes the position that business entertainment was prohibited.

Section 4-79 was amended in 1966 to prohibit a wholesaler of alcoholic beverages from selling, renting, lending, buying or giving a retailer any money, equipment, furniture, fixtures, or property. The stipulation of the parties indicates that business entertainment was common prior to the amendment of the statute and continued thereafter.

After 1966, several wholesalers requested the ABC Board to state their position regarding the entertainment of retail customers. The Board consistently took a narrow interpretation of the statute, stating that entertainment was prohibited. Counsel for the petitioners received one of these opinions in January, 1984. However, there is no evidence of any industry-wide publication of the Board's position until October 1984. It is uncontroverted that all business entertainment ceased after the industry-wide circular. The statute was amended by the legislature in 1985, to allow business entertainment.

If the language is not ambiguous and the meaning is clear, then the Court is obligated to apply the plain meaning of the words without resort to the rules of statutory construction. (*Harbor Cruises, Inc. v. Comm.*, 217 Va. 458, 460 (1976)). If the language of the statute is ambiguous, then it is proper for the Court to enlist the aid of the rules of statutory construction. (*Ambrogi v. Koontz*, 224 Va. 381 (1982)). Ambiguity has been defined as any doubleness, doubtfulness, indistinctness or uncertainty of meaning of an expression used in a statute. (73 Am.Jur.2d, *Statutes*, § 195).

Under § 4-79(a) a wholesaler may not either directly or indirectly "sell, rent, lend, buy for or give" to any retailer "any money, equipment, furniture, fixtures or property, with which the business of such retailer is conducted, or for any other purpose, including a gift as an inducement or remuneration for other purchases of such beverages."

There is no express prohibition against business entertainment in the statute. It is clear that business entertainment is not encompassed in the terms equipment, fixture or fixtures with which the business of the retailer is conducted. Therefore, the prohibition must come, if at all, by the terms "money or property" for any "other purpose, including a gift as an inducement or remuneration" for the purchase of the wholesaler's product. These prohibitions fail to notify a businessman that he is precluded from engaging in activities which are perfectly acceptable in almost all industries. The Internal Revenue Code, Section 274 (26 U.S.C. § 274) makes a clear distinction between entertainment activities and gifts, both direct gifts and indirect gifts. Although this Court is not obligated to follow the definitions promulgated by the IRS, this distinction is strong evidence of ambiguity. Many, if not all, businessmen are guided by the tax ramifications of their decisions, so this distinction is frequently relied upon by the business tax-payer. The Court finds that there is doubtfulness or uncertainty as to the reach of the prohibitions and that the statute is ambiguous.

In Virginia, an amendment is presumed to be a substantive change in the law. (*Richmond v. Sutherland*, 114 Va. 688 (1913)). However, when the Legislature amends a statute shortly after a controversy arises concerning the interpretation of that statute, the amendment should properly be construed as a clarification of the existing statute and the presumption of substantive change is rebutted. (*Boyd v. Comm.*, 216 Va. 16 (1975); *Fink v. Ritchie*, 222 Va. 830 (1981)).

Business entertainment continued for many years after the 1966 amendment. As stated above, the Board had adopted a narrow construction of allowable activities under the statute when contacted by individual wholesalers. However, the evidence shows that this position was not made known to the entire industry until the fall of 1984. Shortly thereafter, the Legislature acted to amend the

statute to allow the types of activities which were in controversy.

The Legislature is presumed to know the nature and extent of existing legislation. *(Comm. v. Fisher,* 184 Pa. Super. 75, 132 A.2d 739 (1957)). Here the nature and extent of the 1966 amendment did not become apparent until late 1984. Business entertainment had been conducted by beer wholesalers for several years after the 1966 amendment. During this time the Legislature made no changes in the law. It was not until the Board announced a blanket prohibition of business entertainment and these plaintiffs filed suit that the Legislature moved to amend. The chronology of these events clearly demonstrates the intent on the part of the Legislature was again to "use a properly worded amendment to settle the controversy." *Fink, supra* at 837.

Mr. Fiske should prepare an order stating that the Court finds that prior to July 1, 1985, Virginia Code Section 4-79(a) did not prohibit beer wholesalers from providing routine business entertainment to retail licensees.